## Gunther Adoption Case.

238

Argued November 11, 1964. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*James J. McEldrew,* for appellant.

*Raymond L. McConemy, Jr.,* with him *Thorn, McConemy & Ohrenstein,* for appellee.

OPINION BY MR. JUSTICE JONES, January 5, 1965:

This appeal challenges the propriety of a decree of the County Court of Philadelphia County which permitted the adoption of a four-year old male child over the objection of the child's natural mother.

The child, whose adoption is the subject of this appeal, was born out of wedlock on May 20, 1960, and remained in his natural mother's custody until October 26, 1962. On this latter date, the natural mother, through the intermediation of a third party, placed

the child in the custody of a married couple [the present appellees]. At that time, the natural mother consented, in writing, to the adoption, voluntarily waiving the right to know the names of the prospective adopting parents. The child remained in appellees' custody until April 19, 1963—a period of less than six months—at which time, at the request of the natural mother, the child was returned to her. The child remained with the natural mother until August 16, 1963, at which time, again through the intervention of the same intermediary, the child was returned to appellees' custody. On December 25, 1963, the natural mother again requested the child's return, but such request was refused. Subsequent requests by the natural mother were likewise refused and she was informed that, if the child was to be returned to her, it would have to be by order of the court.

Appellees presented a petition to the County Court of Philadelphia County requesting the adoption of the child. This petition was prepared and presented upon the theory that the natural mother, an adult, had given her consent in writing to this adoption on October 26, 1962. The adoption petition was later amended, the consent theory abandoned and an adoption sought upon the theory that the natural mother had abandoned the child, the period of abandonment, *as averred,* being October 27, 1962 to April 19, 1963, and August 16, 1963 to December 25, 1963. It is to be noted that, while the *total* of both periods was in excess of six months, *neither* period was in excess of six months. The court below found: (1) that the natural mother had abandoned the child and (2) that the child's welfare would be promoted by the adoption.

There is no doubt, from a study of this record, that the natural mother on October 26, 1962, did voluntarily consent in writing to the eventual adoption of this child. However, it is well settled under our case law

that a natural parent's consent to an adoption may be withdrawn at any time before entry of a final decree: *Hildenbrand Appeal,* 405 Pa. 579, 176 A. 2d 900; *Stone Adoption Case,* 398 Pa. 190, 156 A. 2d 808; *Harvey Adoption Case,* 375 Pa. 1, 99 A. 2d 276. In the case at bar, the natural mother withdrew her consent both by word and action before the adoption hearing; under such circumstances, an adoption could not have been predicated upon such consent. However, even though standing alone such consent may not furnish the basis for adoption, the fact such consent was given is *some* evidence of the natural parent's willingness to surrender and relinquish her parental claim to the child in determining the question of abandonment: *Stone Adoption Case,* supra; *Commonwealth ex rel. Piper v. Edberg,* 346 Pa. 512, 31 A. 2d 84.

Adoption being a creature of statute, the provisions of the statute must be strictly complied with: *Maisels Adoption Case,* 395 Pa. 329, 149 A. 2d 38; *Dougherty Adoption Case,* 358 Pa. 620, 58 A. 2d 77. "Abandonment", as defined in the statute,[1] consists of "conduct on the part of a parent which evidences a settled purpose of relinquishing parental claim to the child and of refusing or failing to perform parental duties". Under the statute, 1 P.S. §1, supra, it must be both averred and proved that "said abandonment has continued for a period of at least six months". Whether or not a child has been *abandoned* by its natural parent is a question of fact to be determined from the evidence and is a "matter largely of intention": *Ashton Adoption Case,* 374 Pa. 185, 97 A. 2d 368.

---

[1] Act of April 4, 1925, P. L. 127, §1; April 26, 1929, P. L. 822, §1; June 5, 1941, P. L. 93, No. 46, §1; July 2, 1941, P. L. 229, §1; June 30, 1947, P. L. 1180, §1; August 26, 1953, P. L. 1411, §1; December 21, 1959, P. L. 1955, §1, 1 P.S. §1.

Our examination of the instant record to determine whether there is legally sufficient evidence to support the finding of abandonment by the court below indicates there is a lack of such evidence in two respects: (a) of any conduct on the natural mother's part which evidences a *settled purpose* to relinquish her claim to the child and of refusing or failing to perform parental duties and (b) of any *continuity* of such conduct, "for a period of at least six months". The record portrays the picture of a mother, in the midst of many difficulties, some self-created, vacillating in her conduct; at times convinced that her circumstances were such that she could not continue to take care of the child and at other times evidencing a sincere desire to care for and support the child. The evidence clearly fails to show any *settled purpose* on her part such as constitutes abandonment within the statute. Moreover, such conduct did not *continue* for the statutorily prescribed six months period. The two periods of time during which the child was in the custody of appellees do not *severally* exceed six months. The statutory six months requirement can only be met by "tacking" together or adding both periods: that the court below did, and, in so doing, the court below erred. The evident legislative purpose is that the abandonment of a child by a natural parent must be for a *consecutive* six months period and that such six months period must be in continuity and not at separate periods of time. Under these circumstances, the instant record falls far short of sustaining the finding of abandonment of this child by his mother and the decree of the court below cannot stand.

The court below, understandingly, placed great stress upon its finding that the best interests of the child would be promoted by this adoption. The question of the best interests of a child is all important

in custody cases, but, in adoption, the welfare of the child is to be considered *only after* it has been determined that the natural parent has abandoned the child and, by such abandonment, has severed the natural ties between a child and its parent. In the posture of the case at bar, in the absence of sufficient evidence to satisfy the statutory requirements for a severance both as to conduct and length of time and extinction of the ties between the natural mother and the child, the question of the best interests of the child is not material on the issue of adoption.

Decree vacated. The matter is remanded to the court below with instructions to determine the custody of this child.

Mr. Chief Justice BELL dissents.