## Hufford Adoption Case.

258

Argued March 23, 1966.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Blair A. Griffith,* for appellants.

*Joseph M. Loughran,* with him *Loughran & Lough-
ran,* for appellee.

OPINION BY MR. CHIEF JUSTICE BELL, April 19, 1966:
On August 19, 1965, Wilbert H. Nichols and Mar-
garet Nichols, his wife, filed petitions for the adoption
of Harry Wilbert Hufford, William Lee Hufford and
Robert Daniel Hufford.   Petitioners are the maternal
grandparents of these children, who are respectively
five, seven and twelve years of age.

The respondent is Robert L. Hufford, who is the
father of the children.   His wife, Margaret Faye Nich-
ols Hufford, who was the mother of the children, is
dead.   After hearing, the lower Court dismissed the
petitions (three of which were later consolidated) for
adoption, and the petitioners took this appeal.

In *Maisels Adoption Case,* 395 Pa. 329, 149 A. 2d
38, the Court said (page 332) : ". . . 'Unlike custody
cases, in adoption proceedings the welfare of the child
is not material until either consent or abandonment as
prescribed by the Adoption Act has been established.' :
Susko Adoption Case, 363 Pa. 78, 81, 82, 69 A. 2d 132;
Bair Adoption Case, 393 Pa. 296, 299, 141 A. 2d 873;
Ashton Adoption Case, 374 Pa. 185, 196, 97 A. 2d 368;
Schwab Adoption Case, 355 Pa. 534, 50 A. 2d 504.

"Adoption being a creature of statute, the statute's
provisions must be strictly complied with. In the ab-
sence of consent of a living natural parent those who
seek to adopt a child under the age of eighteen years
must prove to the satisfaction of the hearing judge that
such natural parent has abandoned the child.

" 'Abandonment', as defined by the statute, is 'con-
duct on the part of a parent which evidences a settled
purpose of relinquishing parental claim to the child
and of refusing or failing to perform parental duties'
and such conduct must be shown to have continued
'for a period of at least six months' . . . ." Accord:
*Gunther Adoption Case,* 416 Pa. 237, 206 A. 2d 61. See
also, *Smith Adoption Case,* 412 Pa. 501, 194 A. 2d 919.

We have studied the record, but deem it unneces-
sary to detail the evidence. The father repeatedly kept
in touch with his children as far as was reasonably
possible, attempted repeatedly to contribute a portion
of his pay to their support when he was working, and
also often indicated his love and affection for them. We
agree with the hearing Judge who found that the fa-
ther had never consented to the adoption, and had not
abandoned his children within the meaning of the
Adoption Act.

Decree affirmed, each party to pay own costs.