## Hunter Adoption Case.

Argued March 18, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Richard DiSalle,* for appellant.

*John I. Hook, Jr.,* with him *Hook & Hook,* for appellees.

OPINION BY MR. JUSTICE ROBERTS, April 19, 1966:

This is an appeal from a decree of adoption entered by the Orphans' Court of Greene County taken by the natural mother of the adoptive child. In approving the adoption, the court found both consent and abandonment by the natural mother. We are of the conclusion that neither finding may be sustained and that the decree of adoption must be reversed.

The natural mother [appellant] is a resident of Washington, Washington County, Pennsylvania. Following her graduation from a local high school, she attended college in West Virginia. During this period, she became pregnant, left college and returned to her family home in Washington, Pennsylvania.

Following her return to Pennsylvania, appellant contacted an osteopathic physician in Fairmont, West Virginia to arrange for the delivery of the child. Because the physician did not have staff privileges in any of the area hospitals, it was arranged that the baby would be delivered in the home of a relative of appel-

lant located in the nearby West Virginia community of Clarksburg.

Prior to the birth of the child, the possibility of placement for adoption was discussed. Pursuant to these discussions, appellant and her mother went to the office of her physician in West Virginia where they were met by a lawyer who had prepared relinquishment and consent forms for their signature. The forms, captioned "In the Circuit Court of Greene County, Pennsylvania", were executed by both appellant and her mother.

The child was born in Clarksburg, West Virginia on November 19, 1964. Four days after the birth, appellant and her mother again executed relinquishment and consent forms and, shortly thereafter, returned to their home in Washington, Pennsylvania without the child. Thereupon, the child was conveyed to the adoptive parents by way of an intermediary and has resided with them at their home in Greene County, Pennsylvania since that time.[1]

Appellant, however, within a month after the birth of the child, returned to Clarksburg, West Virginia and visited the office of the district attorney for the purpose of locating the child. She was advised to obtain legal assistance in Pennsylvania. Returning to Pennsylvania, she contacted her present attorney on January 12, 1965; he in turn wrote to the West Virginia attorney who had obtained appellant's signature to the consent forms and advised him that appellant sought the return of the child.

On January 12, 1965, appellant's attorney was contacted by a lawyer representing the adoptive parents.

---

[1] Petitioners for adoption complied with the requirements of the Pennsylvania Department of Public Welfare and received the Department's consent, upon the filing of bond, to have the child reside with them in Pennsylvania. See Act of July 11, 1917, P. L. 769, §1, 11 P.S. §841.

Contact between them was apparently maintained until May 19, 1965, at which time the petition for adoption was filed in the court below. Two hearings were thereafter held, following which a final decree granting the adoption was entered.

The court below, in resolving the issue of consent, determined that the law of West Virginia, the situs of the birth of the child and the execution of the consent forms, should govern the effectiveness of the agreement. Applying the law of that state, the court concluded that appellant's attempted revocation was ineffective and that her consent to the adoption was binding.

In concluding that the court below erred in finding "consent" to the adoption, we find it unnecessary to consider the effect of the execution of the consent forms under West Virginia law. In our view, the law which must govern the effectiveness of the consent and the subsequent revocation is that of this Commonwealth.

There is no dispute that jurisdiction to hear and determine the petition exists in Pennsylvania. The natural mother,[2] the adoptive parents, and the child are all residents and domiciliaries of this Commonwealth. Under such circumstances, there is no choice of law problem, since, in determining whether to grant the adoption, the forum should apply the local provisions of its own law. See Restatement 2d, Conflict of Laws, §§142-143 (Tentative Draft No. 4, 1957); *Susko Adoption Case,* 363 Pa. 78, 69 A. 2d 132 (1949).

The correctness of this approach is readily apparent. Pennsylvania, by reason of the subject matter of the dispute and the status of the parties as domiciliaries of this Commonwealth, has an overriding and continuing interest in the resolution of the issue in conten-

---

[2] It is not disputed that the natural father of the child is also a Pennsylvania resident.

tion. That interest and the policies of this Commonwealth with respect thereto may not be thwarted or bypassed by reference to the law of West Virginia. Cf. *Elston v. Industrial Lift Truck Co.,* 420 Pa. 97, 216 A. 2d 318 (1966); *McSwain v. McSwain,* 420 Pa. 86, 215 A. 2d 677 (1966); *Griffith v. United Airlines, Inc.,* 416 Pa. 1, 203 A. 2d 796 (1964). Accordingly, the effectiveness of appellant's consent and subsequent revocation must be governed by reference to the law of Pennsylvania.

It is well settled under the law of Pennsylvania that a natural parent's consent to an adoption may be withdrawn at any time prior to the entry of a final decree of adoption. *Gunther Adoption Case,* 416 Pa. 237, 206 A. 2d 61 (1965); *Hildenbrand Appeal,* 405 Pa. 579, 176 A. 2d 900 (1962); *Stone Adoption Case,* 398 Pa. 190, 156 A. 2d 808 (1959); *Harvey Adoption Case,* 375 Pa. 1, 99 A. 2d 276 (1953). In the instant case, whatever the effect of appellant's other actions in this respect, it is clear that she appeared at the first hearing on the present adoption and formally withdrew her consent. Since this step was taken three months prior to the entry of the final decree of adoption, it effectively revoked her prior consent. Accordingly, the decree of adoption entered by the court below may not be sustained upon a finding of consent.

However, the court below, in approving the adoption, also found that appellant had been guilty of "abandonment" within the meaning of the Act of April 4, 1925, P. L. 127, §1, as amended, 1 P.S. §1(a). With that conclusion we are equally unable to agree.

"Abandonment" is defined by the Act of 1925 as "conduct on the part of a parent which evidences a settled purpose of relinquishing parental claim to the child and of refusing or failing to perform parental duties." Ibid. To be effective, however, such conduct must be shown to have "continued for a period of at

least six months." Act of April 4, 1925, P. L. 127, §1, as amended, 1 P.S. §1(d).

As has often been stated by this Court, "whether or not a child has been abandoned by its natural parent is a question of fact to be determined from the evidence and is a 'matter largely of intention'." *Gunther Adoption Case*, supra at 240, 206 A. 2d at 63. (Citation omitted.) Moreover, because of the finality of the severance, the rights of a natural parent should not be terminated unless clearly warranted by the record. *Best Adoption Case*, 413 Pa. 253, 196 A. 2d 342 (1964); *Southard Adoption Case*, 358 Pa. 386, 392, 57 A. 2d 904, 907 (1948).

At the outset, it should be noted that mere neglect will not support a finding of abandonment. In order to sustain such a finding, it must appear that the parent intended to give up the child absolutely, never to claim it again, and that this intention was manifested for a period of at least six months. *Harvey Adoption Case*, 375 Pa. 1, 6, 99 A. 2d 276, 279 (1953).

With this criteria in mind, it appears unnecessary to indulge in a detailed factual analysis of the actions of appellant in the present case. The child was born on November 19, 1964. The adoption petition was filed on May 19, 1965, at which time the child was six months old. Therefore, any action on the part of appellant within this period inconsistent with "a settled purpose" to relinquish her parental claim to the child would preclude a finding of abandonment. Cf. *Gunther Adoption Case*, supra; *Harvey Adoption Case*, supra.

A brief review of the facts of the instant case is sufficient to demonstrate that appellant, rather than manifesting a settled intention to give up the child, made every reasonable effort to regain custody of the infant. She traveled to the community where the child was born and left for adoption; she contacted the local district attorney for the express purpose of locating the

child; and, when her own efforts proved unavailing, she retained counsel to assist her in securing the return of the child. Moreover, within this period, appellant's attorney notified the attorney representing the adoptive parents of appellant's desire to regain custody of her child. Certainly, such conduct is sufficient to dispel any inference of abandonment which may be drawn from the execution of the repudiated consent agreement and her prior conduct. Cf. *Gunther Adoption Case,* 416 Pa. 237, 206 A. 2d 61 (1965). Under these circumstances, the record will not support a finding of abandonment and the decree of adoption entered by the court below must be reversed. Cf. *Hufford Adoption Case,* 421 Pa. 257, 218 A. 2d 737 (1966).

Subsequent to the entering of the final decree in the adoption proceeding, appellant herein, the natural mother, filed a petition for a writ of habeas corpus in the court below seeking custody of the child. The petition was refused "for the reason that a decree of adoption had been entered in this case on September 27, 1965." Since the entry of the adoption decree must be reversed, so must the order refusing the petition for a writ of habeas and custody of the child must be returned to the natural mother.

In No. 105 the decree of the court is reversed and the petition for adoption denied. In No. 106 the order of the court below is reversed and it is ordered that Kevin Harold Hunter be delivered into the custody of his natural mother.

Costs in each appeal to be paid by appellant.