## Jacono Adoption Case.

Argued April 21, 1967. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*I. B. Sinclair,* for appellant.

*John J. Maffei,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, June 30, 1967:

On June 30, 1966, Gabriel F. Trasatti and his wife Maureen H. Trasatti (nee Rumford) filed a petition for adoption seeking the adoption of Mrs. Trasatti's son, John William Jacono (hereinafter called "John"). The Court granted the adoption and John's father, William J. Jacono, Jr., appealed.

John, who was born in 1958, was the son of Jacono, the present appellant, and Mrs. Trasatti, who had been married to Jacono in 1957 and divorced in 1963, shortly before her marriage to Trasatti.

The Orphans' Court granted the adoption, principally and inter alia, on the ground that appellant had abandoned John for a period greater than six months. Subsequently appellant filed a petition in the Orphans' Court to revoke or vacate the decree of adoption, alleging that Mrs. Trasatti had accepted support payments for John from the appellant both prior and subsequent to the entry of the decree of adoption, and that Mrs. Trasatti permitted a person with an extensive criminal record to care for John. The Orphans' Court denied his petition.

Appellant contends (1) that abandonment was not established by the evidence; (2) that he was precluded

from introducing evidence to show that because of the character of the adopting petitioners the adoption was not in the best interests of the child; and (3) that the Court erred in denying *without a hearing* his petition to revoke the decree of adoption.

The law of adoption in Pennsylvania is well settled and has been reiterated in several recent cases. We shall briefly summarize them: (1) A child may be adopted if its lawful or natural parents (a) consent to the adoption or (b) if the objecting parent or parents (has or) have "abandoned" the child for a period of six months or more. In the latter case, the child may be adopted, irrespective of whether the objecting parent consents. Act of April 4, 1925, P. L. 127, as amended by the Act of June 30, 1947, P. L. 1180, §2, 1 P.S. §2. *A finding of consent or abandonment is an absolute prerequisite to the approval of an adoption petition.* *Snellgrose Adoption Case,* 425 Pa. 258, 228 A. 2d 764; *Smith Adoption Case,* 412 Pa. 501, 502, 194 A. 2d 919.

Unlike custody cases, in adoption proceedings the welfare of the child is not material until either consent or abandonment as prescribed by the Adoption Act has been established. Once abandonment has been established and, *only then,* it becomes the duty of the Court to determine whether the adoption of the child will be for the child's welfare and best interests.

The burden of proof of abandonment is on the person seeking to adopt the child. Mere neglect will not support a finding of abandonment. In order to sustain such a finding, it must appear that the parent intended to give up the child absolutely, never to claim it again, and that this intention was manifested for a period of at least six months. *Snellgrose Adoption Case,* 425 Pa., supra; *Hufford Adoption Case,* 421 Pa. 257, 218 A. 2d 737; *Hunter Adoption Case,* 421 Pa. 287, 218 A. 2d 764; *Hookey Adoption Case,* 419 Pa. 583,

215 A. 2d 860; *Harvey Adoption Case,* 375 Pa. 1, 6, 99 A. 2d 276, 279 (1953); *Maisels Adoption Case,* 395 Pa. 329, 149 A. 2d 38; *Smith Adoption Case,* 412 Pa., supra; *Ashton Adoption Case,* 374 Pa. 185, 97 A. 2d 368.

In *Snellgrose Adoption Case,* 425 Pa., supra, the Court, quoting from *Ashton Adoption Case,* 374 Pa. 185, 97 A. 2d 368, said (page 263) : " '. . . a finding of abandonment is reviewable on appeal: See *Southard Adoption Case,* 358 Pa. 386, 390-391, 57 A. 2d 904, and cases there cited. While an adoption case comes before an appellate court as on certiorari, it is the reviewing court's duty under the provisions of the Act of April 18, 1919, P. L. 72, 12 P.S. §1165, to consider the evidence, which is brought up by the certiorari, "with like effect as upon an appeal from a judgment entered upon the verdict of a jury in an action at law." Consequently, "This requires us to examine the testimony [in adoption proceedings] to determine whether there is any evidence to sustain the findings of fact: [citing cases].' "

The evidence to support the finding of the Orphans' Court that appellees have established an abandonment of John by appellant is clearly adequate. The basis of the finding was appellant's conduct from November 1964 to the date* of the petition for adoption filed (as above noted) on June 30, 1966. From appellant's imprisonment in 1962-1964 and to June 30, 1966, his only attempt to communicate with John was a Christmas card sent in December 1963. This card was returned by Mrs. Trasatti, unread by John. During the next two-and-a-half years appellant did not communicate with John or with Mrs. Trasatti concerning John.

---

* For a period of almost two years prior to this date appellant was serving a prison sentence, and therefore could not have visited John nor sent support money.

Furthermore, after appellant's release from prison in May 1964 he made no effort to contribute to John's support.** Mrs. Trasatti testified that the appellant had shown indifference towards John from the date of his birth. This testimony was not contradicted by the appellant.

Appellant contends that it was error for the Court below to have accepted evidence concerning his conduct, including his lack of interest in John and his prison record prior to 1964—the date upon which the alleged abandonment began. Since abandonment is a matter of intention, prior conduct may be highly relevant in explaining a person's later conduct; appellant's disinterest in John prior to 1964 was undoubtedly relevant in evaluating his testimony concerning his reasons for not visiting or supporting John. After a finding of abandonment, it was likewise relevant in considering the welfare and best interests of the child's custody.

We have considered all of appellant's contentions and find none of them sufficient to reverse the decree of the Orphans' Court.

Decree affirmed; each party to pay own costs.

---

** Appellant did commence making support payments after the first hearing in the Court below on the Petition for Adoption. Six or seven weekly payments were accepted by Mrs. Trasatti.