**In re Easley Adoption**

*John A. Boccabella,* for petitioner.

*Leonard J. Gajewski,* for Berks County.

MUTH, P. J., June 20, 1973.—Franklin Schaeffer, by his attorney, John A. Boccabella, Esq., of Tri-County Legal Services, has filed a petition for the adoption of Twylla Lynn Easley, alias Twylla Lynn Schaeffer, a minor child, four years of age.

Petitioner alleges that the child is his step-child, that he is without property, and is receiving public assistance in the amount of $246 per month. Petitioner requests leave to proceed with his action in adoption without payment of costs.

The County of Berks, by its solicitor, has filed a petition directing the aforementioned petitioner to pay the appropriate filing fees requisite in an action of adoption. The County of Berks further alleges that Tri-County Legal Services, representing petitioner, has been provided with funds for the payment of costs, which allegation has been admitted.

Petitioner contends that his prayer should be granted and that to deny him the privilege of adopting a child without payment of costs is without due process of law and denies his right to the equal protection of the law as provided by the Constitution of the United States. The question, therefore, arises as to whether there is such a constitutional right and whether petitioner, under the circumstances, is entitled to proceed with the petition of adoption without the payment of requisite costs.

The courts have decided that a litigant who desires to institute a divorce proceeding must be permitted recourse to the court in spite of indigency: Boddie v. Connecticut, 401 U.S. 371. This privilege or right has not been extended beyond divorce proceedings. In United States v. Kras, 34 L. Ed. 626, the doctrine of Boddie was limited and an alleged indigent was denied the privilege of a free ride into bankruptcy.

The court in its opinion pointed out that rights in the area of economics and social welfare do not necessarily fall within Boddie rights.

Adoption was unknown at common law: Kilby v. Folson, 238 F. 2d 699. It exists in Pennsylvania solely by virtue of statute: In re Schwab Adoption Case, 355 Pa. 534. Prior to statutory provision for adoption, the procedure for adoption was solely in the hands of the legislature. Prior to 1855, there was no general statute in Pennsylvania providing for adoption proceedings. Adoption by deed was even unknown to the common law: Carroll's Estate, 219 Pa. 440. The proceedings, therefore, for adoption are purely statutory and our appellate courts have frequently decided that the statute must be strictly complied with. The statutory provision for adoption in Pennsylvania today is the Act of July 24, 1970, P. L. 620, 1 PS §101, et seq. Furthermore, adoption is within the area of economics and social welfare referred to in United States v. Kras, supra.

Counsel for petitioner, in his brief of argument, sets forth that the right of petitioner is supported, among other authorities, by the Statute of 11 Henry VII, Chapter 12. Petitioner contends that to be required to pay the small costs incident to an adoption proceeding deprives him of due process of law and of the equal protection of the law. It must, however, be noted that in matters of adoption, the welfare of the child is of paramount importance: List Adoption Case, 418 Pa. 503, and Gunther Adoption, 416 Pa. 237. Counsel for the petitioner also cites as authorities for his client's position: Coonce v. Coonce, 356 Miss. 690, 255 N.E. 2d 330 (1970).

We have examined all of the authorities referred to in his brief and we find none of them pertinent to the issue before us.

The adoption of a child by another increases the legal and financial obligation of the one adopting. It might be pertinent to inquire how the welfare of a child can be promoted by adoption by an indigent petitioner. If the motive of the adoption is for the personal benefit of petitioner and not the child, no conscientious court would approve such an adoption. The procedure for adoption has been created for the benefit of children.

The within petitioner suffers no impairment of his constitutional right by being made to pay the costs of an adoption proceeding rather than adding further to the burden of the long-suffering taxpayer. As pointed out by Justice Blackmun in Kras, supra, "that if he would give up the price of a movie or a pack or two of cigarettes," he could easily meet installment payment of costs in an adoption proceeding. Furthermore, it has been admitted on behalf of petitioner that provisions for the payment of costs of adoption proceedings have been made by the Act of Congress through the instrumentality of Tri-County Legal Services, an organization designed to promote the interests of indigent persons.

Petitioner is not entitled to adopt Twylla Lynn Easley without the payment of the requisite costs. We make the following

## ORDER

And now, to wit, June 20, 1973, the petition of Franklin Schaeffer for the adoption of Twylla Lynn Easley, a minor child, is dismissed; said order being entered nisi and shall become absolute as of course in the absence of exceptions being filed hereto within 20 days of the date hereof.