Commonwealth ex rel. Travitzky, Appellant, *v.* Travitzky.

Argued June 11, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, VAN DER VOORT, and SPAETH, JJ. (PRICE, J., absent).

*John P. Yatsko*, with him *Fitzgerald & Yatsko*, for appellant.

*John E. Landis*, with him *Landis, Williams & Kerns*, for appellee.

OPINION BY HOFFMAN, J., September 23, 1974:

Appellant contends that a support order for her five children is inadequate and that the lower court erred

in failing to take into consideration the separate earnings of the appellee's second wife.

The parties, now divorced, are the parents of six minor children, one of whom resides with the appellee-father. For the past four years, the appellee voluntarily paid child support, starting with payments of $200.00 a week, and gradually reducing said payments to $100.00 a week. Believing this amount to be inadequate, the appellant instituted support proceedings in the Court of Common Pleas of Montgomery County.

The relevant facts evidencing the financial status of each of the parties may be summarized as follows:

The appellee is employed as an electrical mechanic at Philadelphia Electric Company, where he earns $357.36 in gross pay a week. Wage records were produced showing that his net pay after social security deductions and taxes was $265.40. The appellee testified that his own weekly expenses for himself, his second wife and two children (a child was born from the second marriage) amounted to $206.22 a week. Evidence was produced showing that, in addition, the father maintained a life insurance policy with his children as beneficiaries and that the children were covered by a hospitalization plan.

The appellant is employed as a night-duty nurse, and has a net income of $135.00 a week. Appellant testified to weekly expenses of $140.00 a week.[1] On cross-examination, it was revealed that the residence in which appellant was now residing was not the same as the one in which the parties had lived. Pursuant to the separation of the parties, appellee had conveyed to his wife

---

[1] The expenses may be broken down to include the following: $70.00 a week for food, $40.00 a week for mortgage payments, $30.00 a week in utilities. No figure was offered to represent clothing expenses or other expenses for the children. The above expenses were, however, for the entire household, including the wife's own maintenance.

his share of the marital residence, which she subsequently sold for $18,000.00. She purchased a second home for $32,000.00, and it was upon the new mortgage which she calculated her expenses.

Appellee argued that the amount he was paying for the care and maintenance of his five minor children, i.e., $100.00 a week, was adequate for their needs. Furthermore, he contended that his earnings were insufficient to place a greater financial burden upon him, as he had substantial expenses of his own for the support of the child of the first marriage, and his new family. In an effort to rebut the appellee's stated expenses, appellant sought to ascertain the extent of his second wife's earnings and her contribution to the household expenses of the family. This line of questioning was disallowed by the lower court.

After hearing all the testimony, the lower court entered an award of $110.00 a week for the support of the five minor children. In setting the award, the court determined that private school tuition not previously paid by the appellee while the parties were married and a mortgage on a new and more expensive house were not to be considered in determining the "needs" of the minor children. The lower court properly considered the earnings of the appellant-mother as a source of income for the minor children, as the duty to support minor children now equally rests on both parents where they are financially able to bear the burden. *Conway v. Dana*, 456 Pa. 536, 318 A. 2d 324 (1974) ; *White v. White*, 226 Pa. Superior Ct. 499, 313 A. 2d 776 (1973).[2]

---

[2] Combined with the appellant's net earnings of $140.00 a week, the additional amount of $110.00 a week representing the support order entered by the court below, provides the appellant with $250.00 a week, an amount which the court believed to be adequate to support the appellant and her children. It is, of course, axiomatic that an absolute decree of divorce ends husband's obligation of support to his wife. *Commonwealth ex rel. Jones v. Jones*, 216 Pa. Superior Ct. 1, 260 A. 2d 809 (1969).

While this Court would not find the amount of the award for the support of the five minor children inadequate or patently deficient, we believe the court erred in refusing questions that sought to determine the amount appellee's second wife was contributing to the family budget. There was evidence that appellee's new wife was employed.

The appellant contends that the earnings of a wife, who marries the father of children from a previous marriage, should be considered as a source of income to the father, and, as such, should be added to the father's financial resources in computing the amount of a support order for his minor children. We do not agree.

At one time, it could be said that the duty of support rested solely upon the father. Even in more recent cases, our courts recognized that while the earnings of the natural mother should be considered as an attendant circumstance, and therefore considered in calculating the amount of the award, "the *primary* duty of support rest[ed] upon the father . . . ." *Commonwealth ex rel. Bortz v. Norris,* 184 Pa. Superior Ct. 594, 596, 135 A. 2d 771 (1957). It is only in the aftermath of the Equal Rights Amendment that this Commonwealth has enunciated an equal responsibility upon *both parents,* where they are financially able, to support their children. *White v. White,* supra.

The question, however, of the responsibility of a third person, having neither parental ties nor custody responsibility over minor children, has not been squarely met in this Commonwealth.[3] Should a parent remarry, as the appellee has in the instant case, there is noth-

---

[3] In *Commonwealth ex rel. Yeats v. Yeats,* 168 Pa. Superior Ct. 550, 79 A. 2d 793 (1951), this Court refused to consider the financial resources of a maternal grandparent in setting a support order. Despite the fact that the children were living at the home of the affluent grandparents, we held that the financial resources of the father and not the maternal grandparent should be considered.

ing in our law which requires the new spouse to support minor children of the first marriage. We do not believe that such an extension of our support laws should be made. In addition, to consider the separate assets or earnings of a second wife as an element of her husband's "financial resources" belies the concept in our law that married individuals retain their legal identity and may own separate property and estates. 48 P.S. §§64, 32.1, 34, and 111.

In the instant case, the appellee testified that he had personal expenses of $206.22 a week. This amount reflected the budget from which the appellee supported himself, his wife, and two minor children, one of which was born of the first marriage. The appellant, in questioning the appellee as to the amount of income his second wife was contributing to defray the family expenses, sought to arrive at a true account of the father's "ability to pay". This, we believe, was a proper inquiry. A lower court is not bound by the testimony of a witness as to the financial resources available to him, or the amount of expenses he must incur in his "new" life. See, e.g., *Commonwealth ex rel. Hoffman v. Hoffman*, 184 Pa. Superior Ct. 500, 135 A. 2d 822 (1957). Certainly, if the second wife was gainfully employed and if her earnings or a portion thereof were contributed to the family budget, such facts would be relevant in determining the father's ability to pay for his minor children. Appellant's efforts to test the credibility of the appellee should not have been thwarted by the lower court.

For the above-stated reasons, the order of the court below is reversed, and the case is remanded for further proceedings.

WATKINS, P. J., dissents.

PRICE, J., did not participate in the consideration or decision of this case.