403 A.2d 124

COMMONWEALTH ex rel. Ellen MAINZER, Appellant,

v.

**John AUDI.**

Superior Court of Pennsylvania.

Argued March 20, 1979.

Decided May 18, 1979.

Charles R. Pedri, Hazleton, for appellant.

Basil G. Russin, Wilkes-Barre, for appellee.

Before CERCONE, President Judge and WATKINS and HOFFMAN, JJ.

HOFFMAN, Judge:

On July 10, 1978, the lower court increased appellee-father's support obligations for the parties' two teenage children from $35 per week to $50 per week; the court further ordered the father to pay an additional $20 per week until $210 in arrearages were paid.[1] Appellant, the mother and custodial parent, contends that the lower court erred in (1) allowing testimony concerning the earnings of her second husband, (2) not increasing child support by an adequate amount, and (3) requiring her to seek employment. We find

1. Appellee-father did not cross-appeal.

these contentions meritless and, accordingly, affirm the order of the court below.

Over objection, appellant-mother testified that her present husband earned $40,000 gross income and paid for all of the expenses of her household.[2] Members of her household include the two children of her first marriage with appellee and a third child by her present husband. Both mothers and fathers are obligated to contribute to the support of their children in accordance with their respective abilities to pay. *Costello v. Le Noir*, 462 Pa. 36, 337 A.2d 866 (1975); *Conway v. Dana*, 456 Pa. 536, 318 A.2d 324 (1974). In fact, it is error to order one parent to pay child support without considering the other parent's ability to pay. *See Kaper v. Kaper*, 227 Pa.Super. 377, 323 A.2d 222 (1974). Although appellant's present husband has no duty to support the children of appellant's first marriage and his separate assets and earnings may not be considered part of appellant's financial resources the court could properly consider the new husband's voluntary contributions to the family budget in computing appellant-mother's "ability to pay." *See Commonwealth ex rel. Travitzky v. Travitzky*, 230 Pa. Super. 435, 326 A.2d 883 (1974). Accordingly, the lower court did not err in allowing the testimony. Moreover, the lower court in its opinion concluded that the increased amount of support "is all the defendant [appellee-father] can pay." It is clear from this statement that testimony concerning the earnings of appellant's present husband did not have the effect of lessening the increase in appellee-father's support obligations.

The lower court based its increase in the amount of support which appellee-father must pay upon findings of the parties' ability to pay and the children's needs. In particular, it determined that $50 per week was the maximum appellee-father could pay, given his income, assets, earning

---

2. Although admittedly skilled in office work, appellant-mother was not employed at the time of the hearing because she believed she should be home with her children, the youngest of whom was 10 years old. *See Commonwealth ex rel. Wasiolek v. Wasiolek*, 251 Pa.Super. 108, 380 A.2d 400 (1977).

capacity, and expenses, all of which are supported by the record and undisputed on appeal.[3] We will not disturb a lower court's support order absent a manifest abuse of discretion. *See Commonwealth ex rel. Levy v. Levy,* 240 Pa.Super. 168, 361 A.2d 781 (1976). We conclude from our review of the record that such abuse is not present here. Accordingly, we find appellant's contention that the lower court did not adequately increase appellee-father's support obligations to be without merit.

Appellant's third contention lacks merit because nowhere in either the order or the opinion in support thereof did the lower court require appellant-mother to seek employment.

Order of the court below affirmed.

3. Appellee-father works year round as a warehouseman, for which work he receives net earnings of $213.85 per week; for six months of the year he earns an additional $163.61 per week in net earnings at a second job as a racetrack cashier. He owns a 1975 Buick automobile and a $50,000 home with a $37,500 mortgage. He has weekly expenses of $300, not including support payments. He supports his second wife and her three sisters, one of whom works. His second wife earns $80 per week. The lower court concluded that appellee-father's standard of living was lower than that his two children were enjoying and that appellee-father could not afford to pay more than $50 per week in child support.