439 A.2d 831

**Elizabeth ASTILLERO**

v.

**Leslie SHOTWELL (Appellant).**

Superior Court of Pennsylvania.

Submitted June 29, 1979.

Decided Jan. 5, 1982.

224

Michael D. Fioretti, Philadelphia, for appellant.

Thomas F. Goldman, Feasterville, for appellee.

Before SPAETH, STRANAHAN and SUGERMAN, JJ.*

SUGERMAN, Judge:

Appellant ("Father") has appealed from an order entered by the lower court, increasing the amount payable under an earlier order for the support of Father's three children. The facts necessary to our disposition are not in dispute.

In April, 1975, the parties agreed to the entry of an order directing Father to pay the sum of $65.00 weekly to Appellee ("Mother") for the support of the parties' three children.

Mother thereafter filed a petition to increase that order, and on February 23, 1977, at hearing, the lower court increased the order to the sum of $71.00 weekly, apparently temporarily, and thereupon continued the hearing at the Mother's request, in order that Father might provide his income tax returns for inspection by Mother and the court.

The continued hearing was reconvened on May 12, 1977, and thereafter, the court affirmed its earlier order increasing the first noted order from $65.00 to $71.00 weekly without further increase.[1]

---

* Judge JOHN Q. STRANAHAN, of the Court of Common Pleas of Mercer County and Judge LEONARD SUGERMAN, of the Court of Common Pleas of Chester County, Pennsylvania, are sitting by designation.

1. We note that each of the three hearings was conducted by a different judge of the Family Division of the Court of Common Pleas of Philadelphia County. We, of course, are not unmindful of the case load constantly confronting the Family Division in Philadelphia. Nevertheless, we deem it necessary to iterate the admonition most recently set forth in *Commonwealth ex rel. Caswell v. Caswell*, 280 Pa.Super. 359, 421 A.2d 762 (1980):

"... the practice of granting a rehearing before a judge other than the one who heard the case in the first instance is not in the best interest of the parties. *Brake v. Brake*, 271 Pa.Super. 314, 316 n. 2, 413 A.2d 422, 423 n. 2 (1979); *Commonwealth ex rel. Schulberg v. Hirsch*, 236 Pa.Super. 179, 344 A.2d 530 (1975); *Bell v. Bell*, 228 Pa.Super. 280, 323 A.2d 267 (1974).

Apparently dissatisfied, Mother filed a petition for reconsideration with the lower court, asking the court to consider the earnings of Father's spouse[2], in accordance with our decision in *Commonwealth ex rel. Travitsky v. Travitsky*, 230 Pa.Super. 435, 326 A.2d 883 (1974).

A hearing was held on April 11, 1978 upon Mother's petition for reconsideration and subsequent to the hearing, the court increased its earlier order for support of the children from $71.00 to $77.00 per week.

On appeal Father advances two contentions. He first argues that the lower court erred in refusing to consider the income of Mother's second spouse and the sum he was contributing to the support of the children. Father also contends that regardless of whether the lower court considered the income of Mother's second spouse and the extent to which it was used to support the children, the record does not warrant an increase in the order from $71.00 to $77.00. We address the issues seriatim.

## I.

At the hearing on Mother's petition for reconsideration, Father's counsel called Mother's second spouse as a witness, and asked him whether he was employed. Mother's counsel objected to the question upon the ground of relevancy. Following moderately extensive argument including counsels' interpretation of our decision in *Travitsky, supra*, and an offer of proof by Father's counsel[3], further argument

> When the original judge is available, he or she should be the one to whom all questions of modification are directed, as it is such judge who is most familiar with the case and most qualified to determine whether a modification is warranted under the circumstances. *Commonwealth ex rel. Schulberg v. Hirsch, supra* [236 Pa.Super. at 182, 344 A.2d at 531]; *Commonwealth ex rel. D'Alfonso v. D'Alfonso*, 181 Pa.Super. 71, 121 A.2d 900 (1956)." *Id.* 280 Pa.Super. at 364, 421 A.2d at 765.

2. At the date of the hearing held on May 12, 1977, both Father and Mother were remarried to other spouses.

3. When the court expressed some concern about the relevance of the answer to be elicited, Father's counsel said:

ensued and finally the court said to Father's counsel, in apparent response to the objection:

"THE COURT:

I will permit you some latitude. If it gets out of hand, I will have to stop you."

Father's counsel then resumed questioning Mother's second spouse and the following ensued:

"Q. [By Father's counsel] What is your weekly income ...?

MR. MAIER: [Mother's counsel] I object.

THE COURT: Sustained."

Father's counsel then continued the examination of Mother's spouse:

"Do you, sir, contribute to the care and maintenance of your wife's three older children?

MR. MAIER: Are these the subject matter of this petition we are talking about?

MR. SHINGLES: Yes.

THE WITNESS: Do I contribute?

MR. SHINGLES: Yes.

THE WITNESS: Yes, to a degree, I would say so."

R. 47a–48a.[4]

Although no objection was interposed to this line of questioning, Father's counsel unaccountably failed to pursue it and following the witness' last answer, above commenced

"MR. FIORETTI: Your Honor, *Travitsky* says we can look at the contribution of the second spouse to determine the father's ability to pay. What Mr. Shingles and I am saying to the court is, if that is so, based on the Equal Rights Amendment and based on the situation we are in now, you should also consider the contribution of a second husband to that mother, to look at what he contributes to determine what her actual need is." R. 44a.

**4.** Earlier in the hearing, Mother who was then unemployed was asked how she and the three children were supported. She responded:

"A. *We* are supported by my husband's salary and ... the support money that I get for the children." R. 6a. (Emphasis added).

examining the witness about other matters not germane to the issue before us.

As a result of counsel's failure to ask the witness to expand upon his answers, the court's earlier ruling refusing to permit the witness to testify concerning his weekly income, there is no evidence in the record to permit the lower court, or this court on appeal, to determine the sum Mother's spouse contributed to the support of the children.

It is clear that the lower court's ruling was in error. In a similar setting, we said in *Commonwealth ex rel. Mainzer v. Audi*, 266 Pa.Super. 122, 403 A.2d 124:

"Although appellant's present husband has no duty to support the children of appellant's first marriage and his separate assets and earnings may not be considered part of appellant's financial resources the court could properly consider the new husband's voluntary contributions to the family budget in computing appellant-mother's "ability to pay." See *Commonwealth ex rel. Travitsky v. Travitsky*, 230 Pa.Super. 435, 326 A.2d 883 (1974). Accordingly, the lower court did not err in allowing the testimony." *Id.*, 266 Pa.Super. at 124, 403 A.2d at 125.

*Accord: Commonwealth ex rel. Hagerty v. Eyster*, 286 Pa. Super. 562, 429 A.2d 665 (1981).

■ The lower court, having once permitted Father's counsel to explore the area, should have permitted him to elicit testimony concerning the income of Mother's then current spouse [5].

5. We appreciate that the lower court at the time of hearing did not have the benefit of our decision in *Commonwealth ex rel. Mainzer v. Audi, supra,* as our decision was filed thirteen months subsequent to the date of the hearing. However, the principle is implicit in our decision in *Travitsky,* as Father's counsel properly pointed out in argument to the lower court. We also observe that although the instant hearing was convened to hear Mother's petition for reconsideration in order to put before the lower court evidence of the contributions of Father's second spouse, in accordance with *Travitsky,* the court did not narrowly limit the hearing to that single issue but permitted Father's counsel to explore the contributions made by Mother's second spouse to the parties' children.

■ While the income of Mother's second spouse may well have been relevant for the purpose of testing the second spouse's credibility, we are again reminded that there is no duty imposed upon Mother's second spouse to support the children of his wife's earlier marriage, and accordingly, his income, for the purpose of determining the sums he may contribute to the support of such children, is not relevant [6].

The relevant inquiry, as we have earlier observed, is the sum, if any, actually contributed by the second spouse to the support of the children. *Commonwealth ex rel. Mainzer v. Audi, supra.* At bar, Father's counsel began to explore the subject, without objection and without interference from the court. Although we are at a loss to understand the reason underlying counsel's failure to continue his examination of Mother's spouse so as to bring before the court the specific amount of the sums contributed by Mother's spouse to the support of the children, we must assume that he rested that decision upon some rational ground. As he was not foreclosed from doing so, he cannot now be heard to complain.

## II.

Appellant also argues that the record of the hearing upon Mother's petition for reconsideration itself does not support an increase in the order from $71.00 to $77.00 weekly [7].

**6.** Hypothetically, if the second spouse received an annual income in six figures, and contended that he contributed perhaps $10 weekly to the support of the three children, and Father's counsel had reason to believe that the second spouse contributed much more to the support of the children, then testimony concerning the second spouse's income may be relevant for the purpose of impeaching the second spouse's testimony relating to the sums he contributed. *See, generally, McCormick on Evidence* (2d ed. 1972) § 33. Such testimony might also be relevant in determining Mother's need for support for the Children. However, as the second spouse is under no obligation to provide any support to the children of Mother's earlier marriage, *Commonwealth ex rel. Mainzer v. Audi, supra*, his income is not relevant to the general question of the amount required to support the children.

**7.** We are reminded, as we observed in *Commonwealth ex rel. Caswell v. Caswell, supra*:

Underlying Appellant's argument is his contention that the lower court based the increase upon the testimony of Father's second spouse, and that such testimony did not warrant an increase in the order.

█ Father's second spouse testified that she was employed as a medical assistant, earning a net weekly salary in the sum of approximately $175.00, which she deposits in a checking account held jointly by Father and her. While the spouse's testimony is somewhat confused with respect to the sum contributed by her to Father's expenses, the lower court could have easily and properly concluded that she made some contribution. In light of our scope of review, we cannot say that the lower court abused its discretion.

Affirmed.

"When reviewing a proceeding of this nature, our scope of review is limited, and we will not interfere with the determination of the court below unless there has been a clear abuse of discretion.[1] *Commonwealth ex rel. ReDavid v. ReDavid,* 251 Pa.Super. 103, 380 A.2d 398 (1977); *Bell v. Bell,* 228 Pa.Super. 280, 323 A.2d 267 (1974), both quoted with approval in *Brake v. Brake, supra,* 271 Pa.Super. at 315, 413 A.2d at 423; *Commonwealth ex rel. Hartranft v. Hartranft,* 267 Pa.Super. 572, 407 A.2d 389 (1979). A finding of abuse is not lightly made but only upon a showing of clear and convincing evidence. *Commonwealth ex rel. Hartranft v. Hartranft, supra,* 267 Pa.Super. at 573, 407 A.2d at 390; *Commonwealth ex rel. McQuiddy v. McQuiddy,* 238 Pa.Super. 390, 358 A.2d 102 (1976)." *Id.* 280 Pa.Super. 365, 421 A.2d at 765. (Footnote omitted)