439 A.2d 1181

**Barbara MARTER, Appellant,**

v.

**Alan J. ROSS.**

Superior Court of Pennsylvania.

Argued Sept. 8, 1980.

Filed Jan. 5, 1982.

---

242

Ellen Sweeney, Philadelphia, for appellant.

Melvin Greenberg, Philadelphia, for appellee.

Before BROSKY, WATKINS and MONTGOMERY, JJ.

WATKINS, Judge:

This is an appeal from the order of the Court of Common Pleas of Philadelphia County, Family Court Division, by the appellant, Barbara Marter, which directed the appellee, Alan J. Ross, to pay $60.00 per week for the support of the parties two children.

The parties were married on October 12, 1960 and were divorced on May 25, 1977. The two children, aged nine and six at the time of the hearing, have resided with the appellant-mother since the separation of the parties. The appellant-mother remarried on June 2, 1978.

On May 10, 1979, the appellant-mother petitioned for the support of the children seeking $160 per week. After a hearing, the support order was entered on September 25, 1979 in the amount of $60.00 per week. A petition for reconsideration was filed on October 17, 1979, and denied on November 26, 1979. Two appeals were filed, one from the order of support dated September 25, 1979 and one from the order refusing reconsideration on November 26, 1979. These appeals were consolidated for appeal to this Court.

The court below found that the appellee's total potential net income was $300.00 per week and that the appellant had a net income of $300 per week.

Although there was no evidence of the earnings of the appellant's husband or whether or not he contributed to the children's support, the court below inferred that he had a substantial income from various businesses and real estate holdings. This speculation by the court below that any of such assets were used to benefit the appellant's children was error. As this reasoning was the basis for the order of $60.00 per week there should have been evidence to support the present husband's contribution as he was under no obligation to support his wife's children by a prior marriage.

Most certainly evidence of voluntary contribution by a present spouse to the support of the children is relevant

and can be properly considered by a trial judge in determining a support order. *Commonwealth ex rel. Mainzer v. Audi*, 266 Pa. Superior Ct. 122, 403 A.2d 124 (1979).

A support order cannot rest upon the speculation of the trial judge as to the extent of a parent's income when there is no evidence of that income on record. It would follow that this would also apply to a parent's new spouse. *Commonwealth ex rel. Goodman v. Delara*, 219 Pa. Superior Ct. 449, 281 A.2d 751 (1971).

The case is remanded to the court below for further hearing for the determination of the contribution, if any, of the husband to the support of the children as set forth in this opinion.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

I respectfully dissent. The majority holds that remand is appropriate here because the trial judge improperly speculated as to appellant's present husband's income and that such speculation formed the basis for the order of support entered by the court.

The record shows that appellee's attorney asked Mrs. Marter where her present husband works, to which she replied that he is self-employed; but that she had no idea of his particular involvement in any of his business matters. She did state, however, that he rents farm land and owns a small tavern and part of an office building. In his opinion, Judge Canuso stated:

> It is quite obvious or reasonable to assume that [appellant] is well provided for by her present husband and that together they may well be able to afford the standard of living they exhibit and enjoy.

While this statement might give the impression that Judge Caruso was basing the amount of the support order in part upon appellant's present husband's income, the remainder of the opinion dispels this impression:

\*     \*     \*     \*     \*     \*

Accordingly, we believed that $120 per week would be fair and adequate for the support of the two children of their ages and circumstances *and since the parties were earning about the same amount,* we believed that the [appellee] should be responsible for only one-half or $60 per week. (Emphasis added.)

No direct reference to appellant's present husband's income appears in the opinion.

It is well settled that a support order imposed upon a father must be consistent with his station in life and customary standard of living, *Commonwealth ex rel. Berry v. Berry,* 253 Pa.Super. 268, 272, 384 A.2d 1337, 1339 (1978), and may not be punitive or confiscatory. *Dena Lynn F. v. Harvey H. F.,* 278 Pa.Super. 95, 419 A.2d 1374 (1980).

Here, after reviewing all the evidence, the trial judge concluded, based upon appellee's income, that $60 per week was a fair and reasonable amount to impose upon appellee.

In *Commonwealth ex rel. Mainzer v. Audi,* 266 Pa.Super. 122, 403 A.2d 124 (1979), appellant-mother appealed from an order increasing appellee-father's child support obligations, contending in part that the court erred in allowing testimony concerning the earnings of her second husband. We noted that the lower court had concluded in its opinion that the increased amount was all the father could pay. Therefore, we held the testimony concerning the earnings of appellant-mother's present husband "did not have the effect of lessening the increase in appellee-father's support obligations." Id., 266 Pa.Super. at 124, 403 A.2d at 125.

The reasoning of *Mainzer* is apt in this instance. Here, any speculation by the trial court as to Mrs. Marter's present husband's income did not, as the majority implies, form a basis for its decision to order appellee to pay $60 per week for the support of his two children, as opposed to some potentially larger amount. Rather, it seems clear from the record that the trial judge analyzed what it costs to support the two children in question and on that basis, determined that appellee could afford, commensurate with his financial resources and status in life, to pay $60 per week. If the case

was remanded, in fact, it seems clear that the order would remain the same, since $60 per week appears to be all the appellee can pay.

The order of the court below is fair, reasonable and nonconfiscatory and should be affirmed. There was no abuse of discretion here. *Commonwealth ex rel. Berry v. Berry*, supra. For these reasons, I dissent.