## Jablonski v. Jablonski

*Michael R. Sweeney*, for plaintiff.
*Allen H. Tollen*, for defendant.

BLOOM, *J.*, November 1, 1982—The matter now before this court is an appeal by defendant of an order of Master Anderman, directing that he pay the sum of $130 per week for the support of his two children.

The facts of this matter are as follows:

A. The parties are parents of two children, Thomas age 19 and Robert age 17.

B. The parties, though still married, are living separate and apart.

C. Thomas attends Penn State University while Robert is a senior at St. James High School.

D. The complainant is currently unemployed and receives $195 per week in benefits.

E. Defendant is employed at Boeing-Vertol with earnings of approximately $391 per week.

F. Defendant is currently paying $75 per week support for the two children.

G. There is evidence that the complainant receives an additional $20 per week from a sister who currently resides with her.

H. The complainant resides in the marital domicile while defendant resides in a trailer owned by his girlfriend.

Defendant has raised two issues in his appeal:

1. Is a husband responsible for support of a son in college?

2. Is a husband responsible for support of a son in high school and if so, in what amount?

This court begins with the proposition that child support is the equal responsibility of both the mother and father. Both are obligated to contribute to the support of their children in accordance with their respective ability to pay. Comm. ex rel Plainzer v. Audi, 266 Pa. Super. 122, 403 A.2d 124 (1979). With this principle in mind, we will address issue number two first. Clearly, since the youngest child is still in high school, he is entitled to be supported by both his parents.

The respective ability of the complainant is, at best, $215 per week while defendant earns about $400 per week. With the clear difference in earnings, defendant must support his youngest child. While each party has submitted living expenses worksheets, we see that the youngest child has a per week expense of $129. Since support is the equal responsibility of both parents, a fair share to be paid by the father would be $65 per week for Robert.

The question of whether or not a father is responsible for support of a child in college is not quite so clear. In the recent case of Heller v. Close, 69 Del. Co. 442 (1982) this court held: "It is well settled in Pennsylvania that in the absence of an agreement to educate a father has no duty to aid in providing a college education for his child, no matter how deserving, willing or able the child may be, unless the

father has sufficient estate, earning capacity or income to enable him to do so without undue hardship to himself."

Defendant takes Heller, supra, to mean a written agreement. While it is true in Heller, supra, there was a written agreement, this court does not read its decisions so narrowly. An agreement to educate can be shown through the conduct of the parties. In the instant matter, the parties agreed that their son would attend Penn State and the father had helped to pay the tuition bill. For the father to now say because I never signed an agreement to educate you, I therefore, have no duty, is ridiculous. The facts clearly show that it was the intent of the parties that their son attend Penn State and that they would help him with his education. We also note that Thomas is working part time while in college and is earning approximately $40 per week. We find this admirable and while not wishing to punish the child we would relieve his weekly needs by one half of this $40 amount or $20 per week, this leaving a weekly need of $163 per week. Additionally, Thomas works during the summer earning approximately $200 per week and again this must be taken into consideration in determining his need.

Since Thomas works as a life guard his work schedule would be approximately ten weeks per year for a total of $2,000. Accordingly, Thomas' need should be reduced by an additional $38 per week leaving a net total of $125 per week.

Again we note that support is the equal responsibility of both parents in accordance with their ability to pay. We find the father with earnings of $400 per week. Defendant has sufficient earnings to provide support for his oldest son in the amount of $50 per week.

Therefore, we enter the following

### ORDER

And now, this November 1, 1982, after presentation of testimony and review of briefs submitted by respective counsel, it is hereby ordered and decreed that:

1. Defendant shall pay complainant the sum of $125 per week for the support of his two children, said support to be as follows:

a. Support of Robert in the amount of $75 per week.

b. Support of Thomas in the amount of $50 per week.

2. Said order shall be retroactive to the respective dates of filing.