536 A.2d 451

**Ronald E. ETZWEILER**

v.

**Barbara A. WATT.**

Superior Court of Pennsylvania.

Argued Sept. 21, 1987.

Filed Jan. 28, 1988.

John J. Krafsig, Jr., Harrisburg, for appellant.

Barbara A. Watt, Harrisburg, for appellee.

Before CAVANAUGH and BROSKY, JJ., and WATKINS, Senior Judge.

WATKINS, Senior Judge:

These consolidated appeals come to us from Orders entered August 19, 1986 and January 16, 1987, in the Court of Common Pleas of Dauphin County. In the August 19, 1986, Order, the Honorable Warren G. Morgan denied appellant Ronald E. Etzweiler's petition for support. In the January 16, 1987, Order, appellant was directed to pay the sum of twenty dollars per week plus five dollars on arrearages for the support of his daughter.

The history of this case as set forth in the trial court's opinion is as follows:

On July 1, 1986 at 2035 DR 1981 we ordered the defendant to pay the sum of $20.00 per week, effective June 2, 1986 for the support of a child, Faith, who is eighteen years old and attending Harrisburg Community College. At 1318 DR 1986, we denied his claim against his former wife for support of a son, Mark. He appealed and, after hearing de novo, the order was affirmed. He then appealed to the Superior Court and because we decided that the record at the de novo hearing did not include certain

relevant information regarding expenses of the parties, we agreed to re-consider the matter. We did so on November 25, 1986.

(Trial court opinion, January 16, 1987, p. 1)

On January 16, 1987, the trial court entered an Order directing the appellant, Ronald Etzweiler, to pay the sum of twenty dollars per week, plus five dollars on arrearages for the support of his daughter. This appeal followed.

Appellant presents the following questions for our consideration:

A. Did the lower court properly apply appellate guidelines to the respective cases, of a minor dependent son residing with appellant and a daughter graduated from high school seeking a college education residing with Appellee or did he totally ignore "Melzer Guidelines?"

B. Did the lower court abuse its discretion and ignore mandated case law, where the record established that dependent minor son was living under same roof with Appellant, who was his sole support, and where there was ample evidence under "Melzer Guidelines" of income, assets, and resources of Appellee of her ability to pay support retroactive?

C. Did the lower court judge in effect, rubber stamp blatant sex discrimination against Appellant by female Domestic Relations Officers, who also totally ignore "Melzer Guidelines" and minimum concepts of due process and fair play, as evidenced by the record, to constitute a gross abuse of discretion?

(Appellant's brief, p. 3)

In *Melzer* (*Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984)) our Supreme Court set forth uniform guidelines for the calculation of child support. It held that in making such a calculation, the hearing court must determine: (1) the reasonable expense of raising the children involved; and (2) the respective abilities of the parents to support their children. After it has made these determinations, the court is to calculate each

parent's total support obligation in accordance with the formula set forth in *Melzer.*

Finally, once each parent's total support obligation has been defined, the hearing court must determine what portion of that obligation may be offset by support provided directly to the children. The total support obligation may be offset only by such voluntary expenditures as actually satisfy the obligation of reasonable and necessary support. *Id.* Although the figure thus arrived at for the amount of support which must be satisfied by way of support payments to the other parent is not required by *Melzer* to be mechanically adhered to by the hearing court, it must be determined and used by the court as a framework for its decision.

    *Reiss v. DeLuca,* [355] Pa.Super. [622], 510 A.2d 1239, 1240–41 (1986).

In the instant case, the court made the following determinations:

The defendant's earnings statement establishes to our satisfaction that his net earnings average as much as $430.00 per week, including ovetime. (See earning statement; Hearing 8/19/86—N.T. 13, 14). The child, Faith, lives with her mother, who provides for all of her living expenses except her transportation which Faith maintains from her earnings. (Hearing 11/25/86—N.T. 28). She seeks contribution from the defendant only toward the cost of her education which includes tuition of $463.00 per semester, books $195.00 and lunches at $10–$12 per week (8/19/86—N.T. 28). Defendant lives in a modest home but it is mortgage free. An adult son, wife and children reside with him and although the son is employed, it appears that the defendant requires little contribution from him toward the household, except a small amount toward utilities (8/19/86—N.T. 10, 11; 11/25/86—N.T. 27). The defendant is unmarried and his only dependent is a son, Mark, now 17 and a senior in high school. Mark occupies a room in a dwelling which adjoins that of defendant with defendant's mother who provides him

with his needs. The defendant pays her $20.00 per week for this. The defendant contributes nothing to his daughter, Faith.

We have examined the expenses which the defendant has submitted but must question the amount contributed to Mark. His testimony that Mark costs him $114.00 per week (11/25/86—N.T. 18) is at great odds with his earlier testimony that the expense for Mark is between $150–$175 per month (8/19/86—N.T. 8). Further, support of his adult son's family must yield to the needs of his younger, dependent children.

Nor are we much persuaded by defendant's argument that his former wife is better able to contribute to Faith's support or should aid him with a contribution to Mark. She earns $235 per week and the entire amount is exhausted in the payment of the mortgage on her present residence.

(Trial court opinion, 1/16/87, pp. 1–3)

▇▇▇ In this case, the only amount established, as to appellant-father's ability to pay was $430.00 per week, including overtime. Appellee-mother's income was established at $235.00 per week.[1] Those figures however do not represent the income available for support, which is the net income less the reasonable living expenses of the parents. With regard to appellant-father's expenses, the court, in its opinion, only listed the $20.00 per week appellant-father gives to the grandmother. Appellee-mother's expenses are not listed except to note that the $235.00 per week she earns is exhausted in payment of the mortgage on her residence.

The needs of the children must also be established. The court listed three figures for Mark's expenses in its opinion

1. We note that the trial court, in computing appellee-mother's ability to pay may wish to consider the sum, if any, appellee's second spouse actually contribute to the support of the children *Astillero v. Shotwell*, 294 Pa.Superior 222, 439 A.2d 831 (1982). We bring this up only because the court in its opinion, stated that appellee's second spouse bears all other expenses of the household except for the mortgage payment paid by appellee.

($114.00, $150.00, and $175.00.) but we are unable to determine which figure was actually used. As to Faither's expenses the only items mentioned in the court's opinion are those related to her college education; the cost of tuition, books and lunches.

Considering the foregoing we will vacate the order and remand to the trial court to make determinations necessary to an application of the *Melzer* formula.

Orders vacated; case remanded. Jurisdiction relinquished.