Commonwealth ex rel. Silverman *v.* Silverman, Appellant.

Argued September 28, 1955. Before RHODES, P. J., HIRT, ROSS, GUNTHER, WRIGHT, WOODSIDE, and ERVIN, JJ.

*Morris Passon,* for appellant.

*William T. Gennetti,* Assistant District Attorney, with him *Francis A. Biunno* and *Victor Wright,* Assistant District Attorneys, *Vincent G. Panati,* First Assistant District Attorney, and *Samuel Dash,* District Attorney, for appellee.

OPINION BY WOODSIDE, J., November 16, 1955:

This is an appeal from an order of the Municipal Court of Philadelphia committing the appellant to the House of Correction for failure to comply with a support order.

On October 14, 1943 an order was entered against the appellant in the sum of $10 per week for the support of his wife. On April 26, 1944 the order was increased to $15 per week for the support of wife and child. On June 13, 1947 it was reduced to $10 per week and on August 14, 1947 further reduced to $5 per week for the support of his child.

For approximately half of the time the last order was in effect the appellant paid $10 per week to the Municipal Court officials who forwarded the payments to his wife for the support of his child without allowing any overpayments to accumulate. It does not appear from the record the exact dates when the overpayments were made but they totalled $1025.

Upon petition of the wife, Judge SPAULDING on March 14, 1955 increased the order from $5 to $10 per week for the support of the child—a daughter then 11 years old. Thereupon the appellant reduced his payments to $5 per week. As said by the court below, "We have, therefore, this anomalous situation; the defendant paying $10 a week when the court order required him to pay $5 a week, and paying $5 a week when the court order was increased, thus imposing upon him the duty to pay $10 per week."

After appellant continued to pay only $5 per week for approximately 15 weeks, he was brought before Judge BELOFF, declared in contempt and sentenced to thirty days in the House of Correction.

In this appeal he contends that (1) in view of the fact he had paid a sum in excess of the order made August 14, 1947, the Municipal Court had no authority to declare him in contempt; (2) the committing judge erred by not referring the case back to the judge who increased the order; and (3) the judge abused his discretion in committing him to the House of Correction.

This is an unusual situation. None like it has ever been before an appellate court of this Commonwealth so far as we could determine. The parties differ as to why the overpayments were made. The appellant contends he made them to build up a credit in case he would be unable to make the required payments at any future time. The wife contends the overpayments were made so she would not ask for an increase in the order. As to these contentions the lower court had the following to say:

"We are inclined to believe the wife's contention, which is supported by the credible evidence, that she was persuaded not to seek in court (for nearly eight years while his daughter was growing up and her needs steadily rising) an increase of the $5.00 weekly support order on the strength and inducement of the husband's continuing to pay $10.00 a week, notwithstanding a court order against him of only $5.00 a week.

"The court was not impressed with the sincerity and truthfulness of the defendant. On the other hand, the court believes the wife's story. Therefore, we find in favor of the wife and rule that the defendant is not entitled to a credit against the present arrears in the amount of the alleged overpayments."

Apart from the wife's testimony concerning the reason for the excess payments, the lower court would have been justified in holding that the payments, averaging approximately $2.50 a week in excess of the very small order, were gratuitous and not advance payments on account of the order, and, therefore, did not relieve the appellant from the future support of his child.

If the payments made by the defendant in excess of the 1947 order were to be applied to the 1955 order the father would be relieved from paying any support for his daughter during the next two years. Advance payments on the part of the father which were neces-

sary for the support of the child cannot defeat the right of the child to future support. Payment of an average of $7.50 per week for the support of a child between her third and eleventh years would hardly enable the mother to save part of it for the future needs of the child.

The duty is upon the father to support his child. The parents cannot bargain away that right. *Com. ex rel. Heller v. Yellin,* 174 Pa. Superior Ct. 292, 295, 101 A. 2d 452 (1953) ; *Com. ex rel. Rey v. Rey,* 159 Pa. Superior Ct. 284, 48 A. 2d 131 (1946). If the appellant does not support his child, someone not primarily responsible for her support, possibly the taxpayers, must do so.

The support laws of this Commonwealth were enacted primarily to provide support to those in need of it through compulsory payments by those who should provide it. Although past payments, particularly if they were meant to provide future support, are matters for the court's consideration in making or amending orders and in punishing for contempt, nevertheless the law contemplates that provision shall be made for those in need, at the time they are in need, and those responsible for providing these present needs cannot avoid future liability solely because of past contributions. This is particularly true where children are involved.

The legislature gave the courts broad powers over their support orders by the Act of June 19, 1939, P. L. 440, 17 PS 263 and section 10 of the Act of July 13, 1953, P. L. 431, 62 PS 2043.40.

It is within the discretion of the trial court to determine under all the circumstances what is just and equitable to the child and to the father. It is within its discretion to give only such credit to the father for the contributions made in excess of the order as it

deems proper. In this case the lower court did not abuse its discretion.

All orders of the type here in question are the orders of the court and not the orders of the judges making them. Although we have said before, and repeat it here, that it would be better procedure to have the same judge continue to sit on the same case whenever possible, the fact that this procedure was not followed in this case is not ground for reversal. *Com. ex rel. Goldenberg v. Goldenberg,* 159 Pa. Superior Ct. 140, 141, 42 A. 2d 532 (1946).

It appears that a supersedeas was granted the appellant and the order committing the appellant has not been carried out. If the order of $10 per week made March 14th is immediately paid in full the order committing the appellant should be revoked, but if he does not comply with the order immediately, the court would not be abusing its discretion in committing the appellant as provided in the order from which this appeal was taken.

Order affirmed.