419 A.2d 535

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF PUBLIC WELFARE ex rel. Evelyn HAGER**

**v.**

**Franklin W. WOOLF, Appellant.**

Superior Court of Pennsylvania.

Submitted March 23, 1979.

Filed March 21, 1980.

John Molnar, Bangor, for appellant.

Jean E. Graybill, Assistant Attorney General, Harrisburg, for Commonwealth, on behalf of Evelyn Hager, appellee.

Before VAN der VOORT, HESTER and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The Appellant filed the instant appeal from an Order of the lower court that he pay a weekly support payment towards the cost of the care of his minor child. The sole issue presented is whether Appellant can be held liable for such support payments after an Order was entered for the voluntary relinquishment of the child by Appellant to an agency under the Adoption Act (Act of July 24, 1970, P.L. 620, No. 208, art. I., 1 P.S. § 101, et seq.).

The parties agree that Appellant and his former wife were married in 1967 and subsequently divorced in 1972. During their marriage, they had three children. It was accepted as a fact by the lower court that in August, 1977, the Lutheran Children's Home of Topton, an agency, and Appellant petitioned the Orphan's Court of Northampton

County for the voluntary relinquishment by Appellant of custody of one of the minor children, Darren, to the Home.[1] The Petition apparently alleged that the Appellant supported and had custody of the other two natural children and that he was not in a financial position which permitted him to support the third child, Darren. In addition, the Petition apparently stated that it was in the best interests of the children if the Court ordered voluntary relinquishment to the Home. Upon consideration of the Petition, and testimony at a hearing, the lower court ordered a voluntary relinquishment, with custody in the Lutheran Children's Home of Topton.

The Lutheran Children's Home apparently intended to move to terminate the parental status of the natural mother, Evelyn Hager, and then to proceed with plans to seek to have Darren adopted. The adoptive plan was halted abruptly however, when the natural mother removed the child from the foster home established by the Lutheran Children's Home. She then set up residence, with Darren, and applied for public assistance with the Appellee Department of Public Welfare. Thereafter, the Appellee Department filed a Petition seeking support against Appellant. Appellant contended before the lower court that he had no obligation to pay any support with respect to Darren, since he had previously voluntarily relinquished his parental rights with respect to the child. He argued below, as he does on this appeal, that such relinquishment relieved him of any duty to support the child. The lower court ruled that Appellant was obligated to support his child in spite of the voluntary relinquishment.

Appellant places principal reliance upon the language of Section 301 of the Adoption Act, which provides:

When any child under the age of eighteen years has been in the care of an agency for a minimum period of five

1. The record before this Court, as transmitted by the lower court, does not include a copy of the Appellant's Petition for Voluntary Relinquishment, or other documents concerning the Court's action regarding that Petition. However, since both parties to this appeal, as well as the lower court, agree to identical facts, we will accept them as true for purposes of this appeal.

days, the parent or parents of the child may petition the court for permission to relinquish forever all parental rights and duties with respect to their child. The written consent of a parent or guardian of a petitioner shall be required if he has not reached eighteen years of age. The agency having the care of the child shall join in the petition which shall contain the agency's consent to accept custody of the child until such time as the child is adopted.[2]

Appellant points out that the applicable provision of the Adoption Act terminates not only a parent's rights with respect to the child, but also the parent's "duties" with respect to that child. He argues that the support obligation is clearly a duty, and that the Adoption Act must be strictly construed. In support of his position regarding strict construction of that statute, Appellant cites *In Re Adoption of Gunther*, 416 Pa. 237, 206 A.2d 61 (1965) and *In Re Adoption of Hufford*, 421 Pa. 257, 218 A.2d 737 (1966). Appellant also points out that Section 302 of the Adoption Act, which pertains to the relinquishment by a natural parent of a child to another adult intending to adopt the child, speaks only of the termination of parental "rights", and does not at all employ the term parental "duties" as does § 301, which concerns relinquishment to an agency. Moreover, the Appellant notes that Section 303 of the Act, pertaining to hearings on petitions for termination, also makes a distinction between the termination of parental rights in the case of a relinquishment to an adult as opposed to the termination of both parental rights and duties in the case of a relinquishment to an agency.[3]

2. Act of July 24, 1970, P.L. 620, No. 208, art. III, § 301, 1 P.S. § 301.

3. Section 303 (Act of July 24, 1970, P.L. 620, No. 208, art. III, § 303, 1 P.S. § 303 provides: "Upon presentation of a petition prepared pursuant to section 301 or section 302, the court shall fix a time for hearing, which shall not be less than ten days after filing of the petition. After hearing, which shall be private, the court may enter a decree of termination of parental rights in the case of their relinquishment to an adult or a decree of termination of parental rights and duties in the case of their relinquishment to an agency."

■ While we believe that Appellant has raised a novel and interesting point of law, we cannot agree with the position he advocates. It is well established that a parent has an obligation to support a child to the best of the parent's ability, taking into account the needs of the child and the economic station of life and needs and abilities of the parent. *Commonwealth ex rel. Hauptfuhrer v. Hauptfuhrer*, 226 Pa.Super. 301, 310 A.2d 672 (1973); *Hecht v. Hecht*, 189 Pa.Super. 276, 150 A.2d 139 (1959). This obligation is deeply rooted in our law, and it has been held that a parent's duty to support his child is "well nigh absolute". *Commonwealth ex rel. Kaplan v. Kaplan*, 236 Pa.Super. 26, 344 A.2d 578 (1975); *Commonwealth ex rel. Snively v. Snively*, 206 Pa.Super. 278, 212 A.2d 905 (1965). It is apparent that if the Legislature wished to eliminate the legal obligation of a parent to support a child, in the event of a termination under the Adoption Act, it would have done so clearly and explicitly, in view of the long standing recognition in our Commonwealth of a parent's liability for the support of his or her child.

■ Further, in our attempt to resolve the issue raised by the Appellant in this case, we cannot ignore the provisions of the Support Law, at 62 P.S. § 1973,[4] which provides, in pertinent part: "The . . . father and mother of every indigent child, whether a public charge or not, shall, if of sufficient financial ability, care for and maintain, or financially assist, such indigent person at such rate as the court of the county, where such indigent person resides, shall order or direct." These statutory provisions are clear in establishing the duty of child support which Appellant seeks to avoid in this case. In view of that provision of the Support Law, fundamental principles of statutory construction require us to reject the Appellant's argument. It has been held that statutes should be construed by the courts in harmony with existing law, and as part of a general and uniform system of jurisprudence–even if such a construction may seem contrary to the letter of the statute. *In Re*

4. Act of June 24, 1937, P.L. 2045, § 3 as amended, 62 P.S. § 1973.

*Peplinski's Estate*, 155 Pa.Super. 564, 39 A.2d 271 (1944); see also the Act of May 28, 1937, P.L. 1019, art. IV, § 63, 46 P.S. § 563. In construing the statute in harmony with existing law, a finding of repeal by mere implication is to be avoided. *Borough of Collegeville v. Philadelphia Suburban Water Co.*, 377 Pa. 636, 105 A.2d 722 (1954). In interpreting a statute, it must be construed as an integral part of the whole structure affected and not a separate matter having an independent meaning of its own. *Olson v. Kucenic*, 389 Pa. 506, 133 A.2d 596 (1957). Thus, in view of the clear provisions of the Support Law, cited above, we cannot agree with the Appellant's proposed construction of the Adoption Act, as permitting him to avoid his obligation to support his minor child solely as a result of the voluntary relinquishment.

We believe that when the word "duty" is used in Section 301 of the Adoption Act, the statute refers to the normal parental duty of day–to–day care for the minor child, rather than to the support obligation. Such a construction not only avoids a conflict with the Support Law, as discussed above, but also comports with the well–established concept that it is the decree of adoption, and not the voluntary relinquishment, that terminates forever all relations between a child and his natural parents. See *In Re Adoption of Baby Boy (Benjamin)*, 452 Pa. 149, 305 A.2d 360 (1973). If we were to accept Appellant's position, we would in effect be equating a voluntary relinquishment with a decree of adoption in terminating the relations between a child and his natural parents. We have neither the authority nor the inclination to do so.

Finally, we cannot ignore the practical effect of the result which Appellant seeks in this case. Clearly, if Appellant is successful in this case, he will have created a simple vehicle for the avoidance of a support obligation by a parent in our Commonwealth. We cannot find that the Legislature intended to create such a vehicle in its passage of the Adoption Act. We have consistently held that a child's entitlement to support is a right that arises from the parent–child status; it is not a property right, and cannot be

"bargained away" by contract. *Commonwealth ex rel. Silverman v. Silverman*, 180 Pa.Super. 94, 117 A.2d 801 (1955); *Commonwealth ex rel. Voltz v. Voltz*, 168 Pa.Super. 51, 76 A.2d 464 (1950). It is clear that the Adoption Act was not designed to permit a parent to avoid a support obligation by the mere filing of a petition to terminate parental rights, any more than a parent is permitted to "bargain away" the obligation by any other means.

For all of the above reasons, we find no merit in the position advanced by Appellant on this appeal.

Affirmed.