### In the Interest of: Baby Girl M

*E. Craig Kalemjian,* for petitioners.
*Anthony L. V. Picciotti,* for respondent G.
*Arnold L. Gross,* for respondent D.H.M.
*Joseph A. Ryan,* for intermediary.

WOOD, *J.,* February 9, 1981—Chester County Children & Youth Services (CYS) has filed a petition asking support for a minor female child (Baby Girl M.), born January 7, 1980, from her natural mother and her temporary custodians. The facts are as follows:

The natural mother is respondent D.H.M. and the natural father is unknown. Respondents Mr. and Mrs. G. received physical possession of the child on January 11, 1980, and filed a report of intent to adopt on February 20, 1980. On March 17, 1980, this court ordered that the parental rights of D.H.M. be terminated with respect to Baby Girl M. and awarded legal custody to Mr. and Mrs. G. Sometime later, Mr. and Mrs. G. had Baby Girl M. examined and neurological tests revealed that she is severely brain damaged. Mr. and Mrs. G. then petitioned the court on September 22, 1980, for relinquishment of the child's custody and for termination of the adoption proceedings. After hearing on the petition held November 7, 1980, we directed that CYS assume physical custody of the child. The petition before us now was filed by CYS on December 1, 1980, requesting respondents D.H.M. and Mr. and Mrs. G. to show cause why they should not reimburse CYS for the support of Baby Girl M. A hearing on this pe-

tition was held before the undersigned on December 19, 1980.

With respect to the obligations of Mr. and Mrs. G. to contribute to the support of Baby Girl M., CYS relies on the Act of June 13, 1967, P.L. 31, §704.1, added July 9, 1976, P.L. 846, §2; 62 P.S. §704.1(e), which provides in part:

"If, after due notice to the parents or other persons legally obligated to care for and support the child, and after affording them an opportunity to be heard, the court finds that they are financially able to pay all or part of the costs and expenses stated in subsection (a), the court may order them to pay the same and prescribe the manner of payment." CYS asserts that Mr. and Mrs. G. are "persons legally obligated to care for and support the child" since they are still vested with legal custody of the child under our earlier order. We disagree.

Neither the "Adoption Act," Act of July 24, 1970, P.L. 620, Art. III, §331, 1 Pa.C.S. §331, nor the Support Law, Act of June 24, 1937, P.L. 2045 §3, as amended, 62 P.S. §1973, creates any specific legal duty of support by Mr. and Mrs. G. Indeed, by virtue of the fact that the adoption is not final until so decreed by the court, it would seem that a duty of support does not arise until a decree is entered. It is a circular argument to contend that the G.'s are "legally obligated" because they are "legally obligated," and indeed, the policy of the adoption acts appears to be to make their obligations only temporary, until a final decree of adoption is entered.

. We reach a different result, however, with respect to respondent D.H.M.'s obligation to support her child. The Superior Court has recently decided that the Adoption Act in effect when this case was instituted does not permit a parent to avoid his or her support obligation solely as the result of his or her

voluntary relinquishment of custody to an agency. Commonwealth of Pennsylvania Department of Public Welfare ex rel. Hager v. Woolf, 276 Pa. Super. 433, 419 A.2d 535 (1980). The court said:

"We believe that when the word "duty" is used in section 301 of the Adoption Act, the statute refers to the normal parental duty of day-to-day care for the minor child, rather than the support obligation. Such a construction not only avoids a conflict with the support law, as discussed above, but also comports with the well-established concept that it is the decree of adoption, and not the voluntary relinquishment, that terminates forever all relations between a child and his natural parents."

Counsel for D.H.M. urges us to apply the new "Adoption Act," 23 P.S. §2101 et seq., which became effective January 1, 1981. Even if we consider this case under the new act, our result is the same. 23 P.S. 2503(c) reads:

"After hearing which shall be private the court may enter a decree of termination of parental rights in the case of their relinquishment to an adult or a decree of parental rights and duties, including the obligaton of support in the case of their relinquishment to an agency."

It seems to us that the legislature is saying that when relinquishment of a child is to an adult and not an agency, the obligation of support may still remain with the natural parent until a final decree of adoption is granted. Here Baby Girl M. was relinquished to two individuals. No rights were ever transferred to CYS for adoption purposes. They are directed to assume physical custody only when it became clear that there was no other choice under the circumstances, and we don't think that CYS (read: the taxpayers) should be made to bear the en-

tire cost of providing for Baby Girl M. if a natural parent is financially able to contribute.

In light of our decision, respondents Mr. and Mrs. G. are dismissed from the case. Since respondent D.H.M. is a resident of Montgomery County, and since we are advised that Montgomery County CYS is willing to assume responsibility for the care of Baby Girl M., we certify this case to that county for determination as to the amount of D.H.M.'s support obligation.

## ORDER

And now, this February 9, 1981, after argument and upon consideration of briefs, we find that respondent D.H.M. is obligated to aid in the support of her minor daughter, Baby Girl M. The determination as to the amount of support is hereby certified to the Common Pleas Court of Montgomery County for disposition.

Respondents Mr. and Mrs. G. are dismissed from the case.