488 A.2d 324

**COMMONWEALTH of Pennsylvania ex rel. Linda LORING**

v.

**Wolson LORING, Appellant.**

Superior Court of Pennsylvania.

Argued July 25, 1984.

Filed Feb. 13, 1985.

Blaine J. DeSantis, Reading, for appellant.

James R. Hevalow, Reading, for appellee.

Before CIRILLO, MONTEMURO and CERCONE, JJ.

CERCONE, Judge:

This is an appeal from an order of the Court of Common Pleas of Berks County granting appellee-mother's petition for child support. A master heard the evidence, including the fact that the parties are parents of two minor daughters.[1] They have been divorced since 1971 and no prior support order was ever entered. The master recommended that appellant pay $50 per week for the support of both children, as well as $8 per week on arrearages. The court of common pleas adopted the findings and decision of the master. This direct appeal by the father followed.

Appellant-father argues on appeal that the lower court abused its discretion in refusing to consider his current living expenses and debts, in failing to take into consideration the weekly earnings of one of the daughters, and in reducing appellant's net pay to an amount less than $50 per week, which he alleges is below the guidelines of the Berks County Domestic Relations Court. Because we find that the trial court did not arrive at the amount of support in accordance with established precedent, we are constrained to vacate the order and remand for further proceedings.

■ Initially, our review is confined within certain parameters.

---

1. Belinda, born April 13, 1966 and Catrina, born July 3, 1970. (We note that Belinda is now eighteen years of age.)

"The amount of a child support order is largely within the discretion of the trial judge . . . . A child support order must be fair, not confiscatory, and must be consistent with the parent's station in life and customary standard of living, making due allowance for the reasonable living expenses of the parent." *Shank v. Shank*, 298 Pa.Superior Ct. 459, 444 A.2d 1274 (1982) (citations omitted). Moreover, our Supreme Court has said recently:

In order to define the support obligation of each parent, a court must first determine the needs of the children: a court has no way of arriving at a reasonable order of support unless it knows how much money is actually required to care for the children involved. (footnote omitted) *Melzer v. Witsberger*, 505 Pa. 462, 470, 480 A.2d 991, 995 (1984).[2]

Finally, our scope of review in child support proceedings is limited; absent a clear abuse of discretion, we will defer to the order of the lower court. *Jaskiewicz v. Jaskiewicz*, 325 Pa.Superior Ct. 507, 473 A.2d 183 (1984).

At the hearing on appellee's petition on October 12, 1982, Mrs. Loring testified that she is the sole support of five children, three from another marriage, and that she is on public assistance, and has been for about ten years. Appellee testified that in eleven years she has never received any support from appellant. It was established that Belinda earns between $32 and $35 weekly at a part-time job. This proceeding was the first court support request Mrs. Loring had made of Mr. Loring, but they had had a private support agreement that appellant pay $10 weekly for each child. This was the extent of appellee's testimony.

Appellant assumed the stand and testified, without challenge, as to his income and expenses. He is employed as a supervisor at a canning factory, earning a net income of $248 per week minus $35.50 in a payroll deduction for

2. In *Melzer*, the Court, per Larsen, J., in an attempt to organize the relevant principles to be applied to a child support order, propounded a formula for courts to follow. However, the Court was clear that such a formula was most useful in complex cases. We do not feel it is applicable here.

support of two other children of a subsequent marriage. Appellant's monthly mortgage payment is $273.06. He is paying $60 per month on an installment loan, $57 per month on a car loan, an average electric bill of $30, car insurance of about $16 per month, fuel oil amounts to $176.49 per month, a payment of $82 per month on a $1722 loan, $21.50 per month toward a cemetery plot, $25 per month for a gas bill, and $11.50 per month in life insurance payments. In addition, reference was made to certain expenses of appellant related to his father's death. However, the amounts do not appear of record. These are all justifiable expenses which when totaled amount to approximately $752.55 out of a monthly net income of $850.00.[3]

While the trial court described this situation as "defendant's financial predicament," it upheld the master's order that appellant pay $50 support plus $8 in arrearages per week with the explanation that

"[P]roper consideration of the testimony presented herein convinces us that defendant's unstable financial condition is a product of his own making. Consequently, it should not operate to deprive the children of his previous marriage of an award of support or diminish the amount thereof."

■ We could agree with the lower court's reasoning that appellant's debt in this case, because it is a product of his own making, is not a factor to consider in making an award of child support, if there were any evidence that appellant assumed his debt in order to avoid his support obligations, which are "well nigh absolute." *Commonwealth ex rel. Scanlon v. Scanlon,* 311 Pa.Superior Ct. 32, 457 A.2d 98 (1983). *Cf. Weiser v. Weiser,* 238 Pa.Superior Ct. 488, 491, 362 A.2d 287, 288 (1976) (It is undisputed that a father or husband cannot intentionally reduce his actual earnings and then use the reduction in earnings to obtain a reduction in

3. This $850 amount has been adjusted to reflect the $32.50 weekly payroll deduction for support of appellant's children of the subsequent marriage.

the amount of support he must provide for his family.) However, there is no such evidence of this here.

 It appears, that, while the lower court did "consider" appellant's expenses in that it listed them, it did not actually use them in arriving at an amount of support. So, in effect, by ignoring them, the court did not really "consider" them, as is mandated by our case law. We hold that where, as here, a trial court disregards the reasonable living expenses of a parent in awarding support, such constitutes an abuse of discretion. We therefore vacate the order of the court and remand for a hearing on the amount needed to provide for the children and on the current reasonable expenses of appellant. In determining the proper amount to be awarded, the court should arrive at what the children need, commensurate, as fairly as possible, with appellant's ability to pay.[4]

The order of the trial court is vacated and the matter is remanded for proceedings consistent with this opinion. Jurisdiction relinquished.

---

**4.** As for appellant's second contention regarding the part-time employment of Belinda, we find, contrary to appellant's allegation, that the award did reflect a consideration of her weekly earnings.