520 A.2d 473

**James F. MICHAEL, Appellant,**

v.

**Linda L. MICHAEL, Appellee.**

Superior Court of Pennsylvania.

Argued Oct. 22, 1986.

Filed Jan. 27, 1987.

Thomas A. James Jr., Bloomsburg, for appellant.

William S. Kreisher, Bloomsburg, for appellee.

Before WIEAND, OLSZEWSKI and CERCONE, JJ.

OLSZEWSKI, Judge:

Appellant appeals from the denial of his petition for child support by the Court of Common Pleas of Columbia County. This appeal raises two issues: (1) whether the trial court properly exercised its discretion in finding that appellee (mother) is not required to make payments for the support of her minor child, who is presently in the custody of appellant (father); and (2) whether an agreement between the parties negated appellee's obligation to support the child.[1]  For the reasons stated below, we affirm the order of the trial court.

1.  Our resolution of appellant's first issue (see discussion infra) renders unnecessary a decision on appellant's second issue concerning whether an agreement between the parties negated appellee's obligation to support the minor child.  We, however, note that "[e]ach

Appellant and appellee were married in April 1972 and divorced in July 1982. During their marriage, they had one child, Chad James Michael, who was born on September 14, 1972. At the time of the divorce, custody of the minor child was awarded to appellant, who presently retains custody, but an order for child support was neither sought by the parties nor entered by the trial court. Appellant agreed to assume full responsibility for the support of Chad.

Appellant, however, did file a petition for child support against appellee in June 1984, almost two years after the parties were divorced. After a hearing before the Honorable Jay W. Meyers, the trial court denied appellant's petition for child support, and appellant filed an appeal with the Superior Court, docketed at No. 00054 Philadelphia 1985. In this first appeal, the Superior Court remanded the case to the trial court since the trial court failed to file an opinion pursuant to Pa.R.A.P. 1925(a) stating the facts and rationale underlying its denial of the child support petition. After the trial court filed an opinion supporting its order, appellant filed the present appeal with the Superior Court.

The appellate scope of review in child support cases is very narrow. *See Butler v. Butler*, 339 Pa.Super. 312, 315, 488 A.2d 1141, 1142 (1985). A trial court has broad discretion in awarding child support payments. *See Commonwealth ex rel. Stump v. Church*, 333 Pa.Super. 166, 168–69, 481 A.2d 1358, 1359 (1984). In *Shondel v. Leedom*, 350

parent has a duty which is 'well-nigh absolute' to support his or her minor children and each may have to make sacrifices in order to meet this burden." *Commonwealth ex rel. Scanlon v. Scanlon*, 311 Pa.Super. 32, 40, 457 A.2d 98, 102 (1983). *See also Sutliff v. Sutliff*, 339 Pa.Super. 523, 538, 489 A.2d 764, 771 (1985) (parent's obligation to support his or her minor children is paramount and "well-nigh absolute"); *Commonwealth ex rel. Loring v. Loring*, 339 Pa.Super. 92, 95, 488 A.2d 324, 326 (1985) (support obligations are well-nigh absolute). In addition, the Superior Court has "consistently held that a child's entitlement to support is a right that arises from the parent-child status; it is not a property right, and cannot be 'bargained away' by contract." *Commonwealth Department of Public Welfare ex rel. Hager v. Woolf*, 276 Pa.Super. 433, 438–39, 419 A.2d 535, 538 (1980). *See also Commonwealth ex rel. Silverman v. Silverman*, 180 Pa.Super. 94, 98, 117 A.2d 801, 802 (1955) (parents cannot bargain away minor child's right to support).

Pa.Super. 274, 504 A.2d 353 (1986), the Superior Court discussed the extent of appellate review of a trial court's order regarding child support. The Court noted:

[W]e must note that it is well settled that we cannot disturb a lower court's order of support absent a clear abuse of discretion or law. A finding of such abuse is not lightly made and must rest upon a showing of clear and convincing evidence. The lower court must be upheld on any valid ground.

*Id.*, 350 Pa.Superior Ct. at 279, 504 A.2d at 355–56 (citations omitted). *See also Biler v. Biler*, 353 Pa.Super. 49, 51–52, 508 A.2d 1261, 1263 (1986) (an order of support will not be disturbed unless there is a clear abuse of discretion).

Appellant's primary contention is that the trial court abused its discretion in refusing to enter an order requiring appellee to contribute to the support of her minor child. In essence, appellant contends appellee should be required to pay at least a minimal amount of child support even though appellant's income is significantly larger than appellee's income. We, however, believe the trial court properly exercised its discretion in dismissing appellant's petition for child support from appellee.

In Pennsylvania, both parents share equal responsibility for supporting a minor child, and child support orders entered by a trial court must be in the best interests of the child. *See Shondel*, 350 Pa.Super. at 279–80, 504 A.2d at 356. *See also Fee v. Fee*, 344 Pa.Super. 276, 282–83, 496 A.2d 793, 796 (1985) ("Both parents bear equal responsibility for supporting their children and 'must be required to discharge the obligation [of child support] in accordance with their capacity and ability.'"). In confronting petitions and requests for child support, trial courts must ensure that support orders are fair, not confiscatory, and consistent with the parents' and children's station in life and customary standard of living. *See Sutliff v. Sutliff*, 339 Pa.Super. 523, 538–39, 489 A.2d 764, 771 (1985); *Commonwealth ex rel. Robinson v. Robinson*, 318 Pa.Super. 424, 425–26, 465 A.2d 27, 28 (1983).

■ In *Melzer v. Witsberger*, 505 Pa. 462, 480 A.2d 991 (1984), the Pennsylvania Supreme Court enunciated a series of guidelines to be followed by trial courts in ascertaining and issuing child support orders. The *Melzer* guidelines were aptly summarized in a recent Superior Court decision, *Reiss v. DeLuca*, 353 Pa.Super. 622, 510 A.2d 1239 (1986). The Superior Court stated:

In *Melzer*, our Supreme Court set forth uniform guidelines for the calculation of child support. It held that in making such a calculation, the hearing court must determine: (1) the reasonable expense of raising the children involved; and (2) the respective abilities of the parents to support their children. After it has made these determinations, the court is to calculate each parent's total support obligation in accordance with the formula set forth in *Melzer*. Finally, once each parent's total obligation has been defined, the hearing court must determine what portion of that obligation may be offset by support provided directly to the children. The total support obligation may be offset only by such voluntary expenditures as actually satisfy the obligation of reasonable and necessary support. Although the figures thus arrived at for the amount of support which must be satisfied by way of support payments to the other parent is not required by *Melzer* to be mechanically adhered to by the hearing court, it must be determined and used by the court as a framework for its decision.

*Id.*, 353 Pa.Superior Ct. at 625, 510 A.2d at 1240–41. In essence, the trial court's support order must reflect consideration of both the reasonable needs of the child and the financial resources and reasonable living expenses of each parent. *Accord Fee*, 344 Pa.Super. at 282, 496 A.2d at 796.

■ In the present case, our review of the trial court's record and opinion reveals the trial court's dismissal of appellant's child support petition was proper when viewed in light of *Melzer* and its progeny. First, the reasonable needs of Chad James, the minor child, were addressed in both appellant's testimony and the trial court opinion. Ap-

pellant testified that he had provided all of the child's support since the divorce two and one-half years earlier, when appellant had been awarded custody of the child. In addition, appellant also testified that he had no trouble supporting the child and that his income had increased since the divorce. *See* N.T. at p. 4. After review of appellant's testimony, we believe the trial court did not abuse its discretion in concluding that "he [appellant] was not seeking child support because of any increased need by the child for support." Trial court opinion at p. 2.

Second, the trial court opinion and record also reflect the widely disparate earning capacities and income of the parties. Appellant earns over $26,000 a year as a personnel analyst at Bloomsburg College, and appellee, unemployed for a long period after the divorce, now earns approximately $8,800 a year as a secretary.[2] In addition, appellant, as previously noted, testified that his income had increased since the divorce and that he had no trouble supporting his child. Further, appellant has remarried, and his present spouse is also employed, bringing additional income into his home. Though " 'there is nothing in our law which requires [a] new spouse to support minor children of [a prior] marriage' ..., Pennsylvania courts have repeatedly acknowledged that to the extent that a parent's expenses are lessened by a contribution of a third party, the parent may have increased financial resources available for child support." *Fee,* 344 Pa.Super. at 283, 496 A.2d at 796. *See also Commonwealth ex rel. Mainzer v. Audi,* 266 Pa.Super. 122, 124, 403 A.2d 124, 125 (1979).

In essence, the trial court did not abuse its discretion in dismissing appellant's petition for child support since it considered the following factors. First, the child's needs, which have not increased since the divorce, are being fully met by appellant.[3] Second, appellant originally agreed to

**2.** The income of the parties is based on their gross income for 1983, the last full year prior to the trial court's hearing.

**3.** In response to question on direct examination, appellant stated that since the divorce, no significant financial or personal changes had occurred. *See* N.T. at p. 2.

provide full support to the child in exchange for custody of the child and appellant presently acknowledges that his income has increased since the divorce. Last, appellee was unemployed for a long period after the divorce and, though she is presently employed, her income is only approximately one-third the size of appellant's income. The trial court, consequently, reasonably believed appellant was capable of adequately supporting the child without any additional contributions by appellee.

Accordingly, we affirm the order of the trial court.

WIEAND, J., files dissenting opinion.

WIEAND, Judge, dissenting:

I respectfully dissent. "Support, as every other duty encompassed in the role of parenthood, is the equal responsibility of both mother and father. *Both must be required to discharge the obligation in accordance with their capacity and ability.*" *Melzer v. Witsberger*, 505 Pa. 462, 468, 480 A.2d 991, 994 (1984), quoting *Conway v. Dana*, 456 Pa. 536, 540, 318 A.2d 324, 326 (1974) (emphasis added). "[E]very parent has a duty to support his or her minor children ... in accordance with the parents' respective abilities to pay...." *Costello v. LeNoir*, 462 Pa. 36, 40, 337 A.2d 866, 868 (1975).

In the instant case, the trial court did not find that appellee, the natural mother of a minor child, was financially unable to contribute to the support of her child, who was in the custody of the father. Therefore, an order of support should have been entered. It was not a complete defense to the mother's duty to support her child that the father's income exceeded that of the mother.

I would reverse and remand to the trial court for the entry of an order which is consistent with the decision of the Supreme Court in *Melzer v. Witsberger, supra.*