J-A05027-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUZANNE KEIR YURK | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE RUSSELL HUFFMAN III | |
| Appellant | No. 1714 EDA 2015 |

Appeal from the Order Entered May 7, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2007-10300

BEFORE:  OLSON, J., OTT, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OTT, J.:                    **FILED AUGUST 15, 2016**

George Russell Huffman, III, ("Father") appeals from the support order, entered on May 7, 2015, which awarded child support to Suzanne Keir Yurk ("Mother").[1]  On appeal, Father argues the court erred in failing to credit him for certain payments which he alleges were Mother's responsibility.[2]  After careful review, we affirm the trial court's order.

The trial court set forth the facts and procedural history as follows:

_____

[*] Former Justice specially assigned to the Superior Court.

[1]  Mother did not file a responsive brief in this appeal.

[2]  Father raised an additional issue in his appeal.  However, as will be discussed **infra**, Father has withdrawn that issue for appellate review. Accordingly, we will not address it in our analysis.

Suzanne Keir Yurk ("Mother") and George Russell Huffman ("Father") were married on May 9, 1998, and divorced on December 15, 2009. They are the natural parents of two minor children, M.H. (D.O.B. 1/[]/2003) and R.H. (D.O.B. 11/[]/2004), of which Mother has primary custody. Both children participate in extra-curricular activities, and M.H., who has autism, receives additional therapy. Support for the children was initially calculated during arbitration, and additional expenses were divided proportionally between Mother and Father according to their incomes.[1]

[1] Mother and Father have had an historically adversarial relationship when it comes to many expenses, including the treatment of M.H.'s autism and [R.H.]'s education, and the record reflects a high number of litigious attempts to resolve their disagreements.

On August 12, 2010, as a result of a petition to modify support filed by Father, a domestic relations officer entered a recommended order. The order divided "additional expenses,"[2] proportionally between the parties, with Father being responsible for 70% and Mother for 30% of the costs.[3] However, Father's share of childcare was limited to $1,500.00 per month.[4] This is the first order in the case that deviates from Rule 1910.16-6 of the Pennsylvania Rules of Civil Procedure, which provides that additional expenses such as childcare, unreimbursed medical expenses, private school tuition, and other needs be allocated proportionally according to the parents' incomes. *See* Pa. R.C.P. 1[9]10-16-6. Mother filed exceptions to the order, which she later withdrew.

[2] The list included: 1. Summer Activities Including Camp, 2. Extracurricular Activities, 3. Therapy expenses for the children, 4. Tuition, and 5. Childcare expenses.

[3] Mother's net monthly income was found to be $10,486 per month (including alimony of $4,257), and Father's was found to be $24,512 (after subtracting alimony of $4,257).

[4] The recommended order reads: "[Father]'s obligation to contribute to the child care cost[s] shall be limited to $1,500.00 per month. Any costs above that amount shall be [Mother]'s obligation.

After a petition for enforcement of support was filed by Mother and a petition for special relief was filed by Father, the parties came before the Honorable Carolyn T. Carluccio on December 7, 2010. This resulted in an agreed order, issued on December 15, 2010, which decreed that

> 1) [Father]'s child support order shall be increased by $1,500 per month effective March 1, 2011. This specifically includes child care and unreimbursed medical and extraordinary expenses. It shall be paid through PASC[D]U.[3]
>
> 2) There will be no further payments by either side for unreimbursed out of pocket extraordinary expenses.

On October 17, 2011, Mother filed a petition to increase. Following a hearing on January 5, 2012, the master issued another recommended order on July 3, 2012, which allocated 80% of the costs of unreimbursed medical expenses and for private school tuition to Father and 20% to Mother, but also allocated "Child care plus unreimbursed medical and extraordinary expenses as agreed by the parties on December 7, 2010." Both Mother and Father filed exceptions to the order in July 2012, and this Court held a hearing on support on September 9, 2013.

During that hearing, this Court was asked to decide if there was sufficient reason to modify the agreed order of December 7, 2010, made under Judge Carluccio. Mother argued that she had requested modification for years because her alimony stopped and Father had a dramatic increase in salary. Father explained that Judge Carluccio's order was an attempt to solve the "back-and-forth" because it was "a nightmare between these parties" to allocate the costs proportionally according to income. Father proposed to "leave it at the $1,500 that was agreed in front of Judge Carluccio until today. And going forward, it can be proportionate to income, like every other case."

---

[3] PASCDU is the acronym for Pennsylvania's State Collection and Disbursement Unit.

- 3 -

The undersigned issued an order October 22, 2013, denying Mother's request to modify the agreed order and maintaining Father's $1,500 per month additional support. This Court's order calculated support for the periods of October 17, 2011 through December 31, 2011, January 1, 2012 through May 31, 2012, June 1, 2012 through December 31, 2012, January 1, 2013 through August 8, 2013, and "August 9, 2013 – Forward." It also erroneously ordered Father to reimburse Mother for his percentage share of some of her additional expenses.

Father filed a motion for reconsideration on November 1, 2013, requesting that this Court recalculate support and "enter an order either 1) Allocating all unreimbursed medical, extraordinary, and child care expenses proportionate to income; or 2) Add[ing] $1,500 per month to Father's child support obligation to account for those expenses." Mother also filed a motion for reconsideration on November 12, 2013, arguing that it was an error for this Court to uphold the December 15, 2010 agreed order, that there was an incorrect calculation of Father's income, and requesting modification of child support.

Father's motion for reconsideration was granted, and on January 28, 2014, this Court issued a new order, stating that "The additional $1,500 awarded to [Mother] based on the Court's December 15, 2010, Order includes expenses for child care, extracurricular and summer activities, and unreimbursed medical expenses." The order specifically excluded the costs of tuition as covered under the $1,500 monthly payment, and maintained that Father shall therefore only reimburse [M]other for his percentage share of tuition costs.

On February 3, 2014, Father appealed, claiming that this Court failed to appropriately apply the support guidelines, and that this Court erred when it "require[ed] Father to contribute to Mother's share of the children's additional expenses." On February 14, 2014, Father filed a petition for credits, arguing that under the order of January 28, 2014, "Father pays Mother an additional $1,500 for all child care and extra[-]curricular activity expenses, thereby requiring Mother to pay 100% of those expenses without reimbursement from Father," and that Father is owed retroactive credits for expenses paid by Father "which should have been paid by Mother," such as orthodontist visits, therapy, tuition, and extra-curricular activities. On February 25, 2014, Mother cross-appealed, claiming that this

Court miscalculated Father's income and failed to account for Father's various employment bonuses. Furthermore, Mother asserted that the $1,500 stipend was unfair because it led to her paying a disproportionate share of expenses, and filed a motion to dismiss [F]ather's petition for credit. Father's petition for credit was stayed until the decision of the Superior Court.

On January 7, 2015, the Superior Court of Pennsylvania issued its opinion, affirming in part, reversing in part, and remanding. On the issue of Father's income, the Superior Court of Pennsylvania remanded for "recalculation of Father's income and subsequent determination of his support obligation." *Yurk v. Huffman*, 647 EDA 2014 at 8 (Pa. Super. Ct. January 7, 2015). Regarding Father's claim that Father paid Mother's share of expenses, the Superior Court of Pennsylvania held that it "was not clear whether the trial court concluded that Father should bear a disproportionate share of these expenses or merely misconstrued the record." *Id.* at 10. This Court was instructed to either "set the amounts owed based upon the recalculated income percentages or clarify that it intends to vary the allocation based upon the circumstances of this case." *Id.* at 11. Regarding Father's $1,500 per month additional expense, the Superior Court concluded that "the record demonstrates that both parents paid extra expenses for the children. Therefore, it was not an abuse of discretion for the trial court to conclude that the $1,500 per month increase was sufficient to allocate these expenses equitably." *Id.* at 13. This Court was also allowed, at its discretion, [to] take additional evidence to effectuate [the remand issues.]" *Id.* at 15.

This Court consolidated the remand issues with Father's credit issue at a hearing on April 3, 2015. During the remand hearing, Father submitted additional expenses for recalculation, and various expenses submitted by Father were conceded or found to be erroneous. Father also argued that he should not pay for extracurricular activities above $1,500 per month, and thus should be entitled to a 100% credit against his obligations for whatever Father paid for extracurricular expenses. During the remand hearing, both Father and Mother contested historical and current payments made by the opposite party. This Court noted during the remand hearing that there was a substantial increase in Father's income.[5]

- 5 -

[5] For example, Father's monthly net income for 2015 was found to be $46,691, nearly double his income in 2010.

On May 7, 2015, this Court issued its order recalculating Father's income for the time periods of October 17, 2011 through December 31, 2011, January 1, 2012 through May 31, 2012, June 1, 2012 through December 31, 2012, January 1, 2013 through August 8, 2013, August 9, 2013 through December 31, 2013, January 1, 2014 through December 31, 2014, and January 1, 2015, forward. The Court contemplated all of Father's income sources and recalculated the parties' support obligations accordingly. The Court also clarified that neither Mother nor Father were liable to reimburse each other for any costs of child care, unreimbursed medical expenses, extra-curricular, or extraordinary expenses voluntarily assumed during the relevant time period. Father was to reimburse Mother for his percentage share of tuition costs only.

The Court also modified support for the time period of January 1, 2015, forward, by vacating the agreed order which mandated Father to pay $1,500 for certain expenses in lieu of allocating these expenses between the parties in proportion to their incomes. Father filed a timely motion for reconsideration on May 14, 2015, which was denied on June 1, 2015.

Trial Court Opinion, 8/10/2015, at 1-6 (record citations omitted).

Father subsequently filed a notice of appeal on June 5, 2015. This Court heard oral argument on March 9, 2016. Following oral argument, the court entered the following order and stipulation, which was agreed upon by both parties:

1. Effective May 1, 2016, the parties agree that Judge Page's Support Order dated May 7, 2015 is amended to increase [Father]'s support by $1,500 per month on a monthly basis. In light of the increase, [Father] is not responsible for any additional expenditures for child care, unreimbursed medical expenses, extracurricular, or extraordinary expenses incurred for the parties' minor children as said $1,500 payment encompasses [Father]'s entire obligation relative to said costs. Anything contained in the May 7, 2015 Order to the contrary to this

Stipulation and Order shall be deemed to be null and void. This Stipulation shall be submitted to Domestic Relations to implement the additional $1,500 per month payment.

2. [Father] shall make the following lump sum payments to [Mother]:

   a. $4,500 simultaneous with the execution of this Stipulation;

   b. $4,500 on or before May 15, 2016;

   c. $4,500 on or before June 15, 2016.

3. This stipulation resolves the issues raised in [Father]'s appeal at Argument Section A (noted at VII(A) in [Father]'s Brief) docketed at 1714 EDA 2015 and [Father] shall take all steps necessary to withdraw that issue from his pending appeal. The remaining Argument at Section B (noted at VII(B) in [Father]'s Brief) shall be adjudicated by the Superior Court.

4. This stipulation also resolves [Mother]'s Emergency Petition for Modification of Support Order filed on February 29, 2016, and said Petition shall be deemed to be withdrawn and/or resolved.

Stipulation and Order, 4/1/2016, at unnumbered 1-2.[4]

In his sole remaining argument on appeal, Father claims the "trial court erred in failing to credit Father for those payments which were Mother's responsibility under the trial court's support order." Father's Brief at 38. Father notes, "Pa.R.C.P. 1910-16-6 specifically allows a trial court to determine the appropriate amount of additional expenses due on account of

---

[4] On April 19, 2016, counsel for Father filed an application for leave to file a post-submission communication (specifically, the order and stipulation) pursuant to Pa.R.A.P. 2501(a). As indicated above, we grant Father's application and as he requests, we will withdraw the issue raised in Argument Section A (pages 28-38).

child care, unreimbursed medical expenses and summer camp, and it permits the trial court to add that amount to an obligor's support payment." *Id.* Father states that in his February 14, 2014, petition for credits, he indicated that "he was paying extra-normal expenses for the children, when Mother was 100% responsible for those expenses." *Id.* at 39. Father argues he submitted documentation and testimony regarding certain expenses, including summer activities, extra-curricular activities, and unreimbursed medical expenses, that he paid but were Mother's responsibility. *Id.* He states:

> On cross-examination, Father acknowledged that some of the medical expenses may be subject to up to a 30% reimbursement, but in the interest of resolving the matter, he agreed to reduce all of the medical expenses by 50% to account for the potential reimbursement. In addition, he voluntarily absorbed some of the other expenses for which Mother would have been responsible.

*Id.* at 39-40. Moreover, Father also states he has expended $15,493.10 in all for the children's expenses, which he alleges were Mother's sole responsibility "as Mother was being paid $1,500 to account for Father's share of these expenses." *Id.* at 40. Lastly, Father claims Mother is fully responsible for the children's unreimbursed medical expenses as Father's share is subsumed in the additional $1,500 per month support payment. *Id.* Therefore, he states he is entitled to a reimbursement amount of $20,152.22 for payments he made regarding "unreimbursed medical

expenses over the retroactivity period in addition to paying the $1,500 per month." *Id.* at 40-41.

Our well-settled standard of review is as follows:

When evaluating a support order, this Court may only reverse the trial court's determination where the order cannot be sustained on any valid ground. We will not interfere with the broad discretion afforded the trial court absent an abuse of the discretion or insufficient evidence to sustain the support order. An abuse of discretion is not merely an error of judgment; if, in reaching a conclusion, the court overrides or misapplies the law, or the judgment exercised is shown by the record to be either manifestly unreasonable or the product of partiality, prejudice, bias or ill will, discretion has been abused. In addition, we note that the duty to support one's child is absolute, and the purpose of child support is to promote the child's best interests.

*Kimock v. Jones*, 47 A.3d 850, 853-854 (Pa. Super. 2012), *quoting*

*Brickus v. Dent*, 5 A.3d 1281, 1284 (Pa. Super. 2010).

The support guidelines provide the allocation of additional expenses between parties, in relevant part, as follows:

**Rule 1910.16-6. Support Guidelines. Adjustments to the Basic Support Obligations. Allocation of Additional Expenses**

Additional expenses permitted pursuant to this Rule 1910.16-6 may be allocated between the parties even if the parties' incomes do not justify an order of basic support.

…

**(c)** Unreimbursed Medical Expenses. Unreimbursed medical expenses of the obligee or the children shall be allocated between the parties in proportion to their respective net incomes. Notwithstanding the prior sentence, there shall be no apportionment of unreimbursed medical expenses incurred by a party who is not owed a statutory duty of support by the other party. The court may direct that obligor's share be added to his

- 9 -

> or her basic support obligation, or paid directly to the obligee or to the health care provider.
>
> …
>
> **(d)** Private School Tuition.  Summer Camp.  Other Needs. The support schedule does not take into consideration expenditures for private school tuition or other needs of a child which are not specifically addressed by the guidelines.  If the court determines that one or more such needs are reasonable, the expense thereof shall be allocated between the parties in proportion to their net incomes.  The obligor's share may be added to his or her basic support obligation.

Pa.R.C.P. 1910.16-6(c-d).

Moreover, "this Court [has] held that '[i]t is within [the court's] discretion to give only such credit to the father for the contributions made in excess of the order as it deems proper.'" ***Rich v. Rich***, 967 A.2d 400, 408 (Pa. Super. 2009), *quoting* ***Silverman v. Silverman,*** 117 A.2d 801, 803 (Pa. Super. 1956).

Here, the trial court found the following:

> Father complains that the undersigned did not grant him credit for payments made on behalf of his children, for which Father believes Mother is 100% responsible.  On December 1[5], 201[0],[5] an order was entered as a result of an agreement between the parties, that
>
>> 1)  [Father]'s child support order shall be increased by $1,500 per month effective March 1, 2011.  This specifically includes child care and unreimbursed medical

---

[5]  The trial court references the order as entered on December 10, 2012.  It is evident this was scrivener's error, because the court was actually referring to the December 15, 2010, order.  Further, it merits mention the July 3, 2012, support order maintained the same agreement set forth in the December 15, 2010, order.

and extraordinary expenses. It shall be paid through PASCOU.

2) There will be no further payments by either side for unreimbursed out of pocket extraordinary expenses.

This Court interpreted the agreed order to state that no payments will be made by either party to each other for these expenses, not that neither party could assume such expenditures.

The Court compared the plain language of the agreed order to the recommended order of August 10, 2010, which specifically states that Father's share of childcare will be limited to $1,500 per month, and any costs above that will be Mother's responsibility. The agreed order, in contrast, contains no such limiting language, but rather states that the $1,500 will be an increase to Father's support order. Furthermore, in 2010, an order limiting Father's contribution to childcare made sense because Mother had primary custody of the children and was the only party spending money on childcare. The [December 15, 2010] order, in contrast, was broader in the costs it covers (child care, unreimbursed medical and extraordinary expense – that is, all the major additional expenses, except for tuition), including expenditures made by both parties.

The goal of the $1,500 per month additional support was to allow Mother to pay for these activities while the children were under her care without having to submit receipts to Father and expect reimbursement, since "it was a nightmare between these parties to do it that way." The intent of the order was to provide sufficient support to Mother, regardless of what Father pays for out-of-pocket, as both Mother and Father have historically voluntarily covered the costs of myriad additional expenses for their children.[9]

[9] The Superior Court noted that "the record demonstrates that both parents paid extra expenses for the children," and most significantly that Father paid assumed responsibility for the high costs of M.H.'s therapy. *Yurk v. Huffman*, 647 EDA 2014 at 13 (Pa. Super. Ct. January 7, 2015).

To interpret the order as Father desires, as authorizing a $1,500 cap on Father's contribution to these expenses, would adversely affect the children and provide an inequitable result. For example, should Father have voluntarily assumed an expense exceeding $1,500 in any given month, he would be due credit from Mother, making Father's contribution capped at $1,500, but making Mother infinitely responsible for any costs above that, even those costs incurred by Father.

Therefore, in this Court's order of January 28, 2014, which was upheld on appeal, the Court only granted Mother credit for Father's share of the tuition payments (as tuition was not included in the $1,500 stipend), and in its Order of May 7, 2015, currently under appeal, the Court granted Father credit for his tuition payments only. Any other out-of-pocket expenditures voluntarily assumed by either party for the time period covered by the agreed order should therefore not be reimbursed through credit.[10]

[10] The Order of May 7, 2015 proscribes that effective January 1, 2015, these costs will [be] allocated between the parties proportionally according to income; therefore, either party may submit a petition for credit for expenditures made after this date.

Trial Court Opinion, 8/10/2015, at 10-12 (record citations omitted).

We agree with the trial court's rationale. Father appears to misconstrue the December 15, 2010, order, in which it is clear from the plain language of the agreement that both parties agreed the $1,500 additional monthly support would be an increase to the support Father was already directed to provide. Furthermore, it is evident the additional support would apply to child care and unreimbursed medical and extraordinary expenses. Lastly, the order provided that there would be no further payments by either side for unreimbursed out of pocket extraordinary expenses. Contrary to Father's argument, there was no $1,500 maximum

limit with respect to Father's total share. There was only a "no further payment" directive as to the unreimbursed, extraordinary expenses. Nevertheless, that also applied to Mother as she, too, was not required to reimburse Father.

In any event, we find the trial court did not abuse its discretion in failing to award Father credit for any contributions he made. ***See Rich***, ***supra***. As the court noted, both parties have a lengthy history of voluntarily assuming certain expenses. Accordingly, Father's argument fails.

Order affirmed. Father's application for a post-submission communication granted.

President Judge Emeritus Stevens joins in this memorandum.

Judge Olson concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/15/2016

- 13 -